# EXHIBIT B



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281-1022

DIVISION OF ENFORCEMENT

Katherine S. Bromberg
Senior Counsel
(212) 336-0170

September 14, 2016

**Via UPS**

MGT Capital Investments, Inc.
500 Mamaroneck Avenue, Suite 204
Harrison, NY 10528

    Re:   <u>NY-09507</u>

Dear Custodian of Records,

    The staff of the New York Regional Office of the United States Securities and Exchange Commission is conducting an investigation in the matter identified above. The enclosed subpoena has been issued to MGT Capital Investments, Inc. ("MGT") as part of this investigation. The subpoena requires MGT to provide us documents.

    Please read the subpoena and this letter carefully. This letter answers some questions you may have about the subpoena. You should also read the enclosed SEC Form 1662. You must comply with the subpoena. You may be subject to a fine and/or imprisonment if you do not.

**Producing Documents**

*What materials do I have to produce?*

    The subpoena requires you to provide us the documents described in the attachment to the subpoena. You must provide these documents by **September 28, 2016**. The attachment to the subpoena defines some terms (such as "document") before listing what you must provide.

    You should produce each and every document in your possession, custody, or control, including any documents that are not in your immediate possession but that you have the ability to obtain. All responsive documents shall be produced as they are kept in the usual course of business, and shall be organized and labeled to correspond with the numbered paragraphs in the subpoena attachment. In that regard, documents should be produced in a unitized manner, *i.e.*, delineated with staples or paper clips to identify the document boundaries.

    Documents responsive to this subpoena may be in electronic or paper form. Electronic documents such as email should be produced in accordance with the attached document entitled SEC Data Delivery Standards (the "Standards"). If you have any questions concerning the production of documents in an electronic format, please contact me as soon as possible but in

1

any event before producing documents. **All electronic documents responsive to the document subpoena, including all metadata, must also be secured and retained in their native software format and stored in a safe place.** The staff may later request or require that you produce the native format.

For documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy documents and produce them in an electronic format consistent with the Standards. Alternatively, you may send us photocopies of the documents in paper format. **If you choose to send copies, you must secure and retain the originals and store them in a safe place.** The staff may later request or require that you produce the originals.

Whether you scan or photocopy documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a document differ in any way, they are considered separate documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

If you do send us scanned or photocopied documents, please put an identifying notation on each page of each document to indicate that you produced it, and number the pages of all the documents submitted. (For example, if Jane Doe sends documents to the staff, she may number the pages JD-1, JD-2, JD-3, etc., in a blank corner of the documents.) Please make sure the notation and number do not conceal any writing or marking on the document. If you send us originals, please do not add any identifying notations.

In producing a photocopy of an original document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original document, photocopies of the original document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

*Do I need to send anything else?*

You should enclose a list briefly describing each item you send. The list should state to which numbered paragraph(s) in the subpoena attachment each item responds. A copy of the subpoena should be included with the documents that are produced.

Passwords for documents, files, compressed archives, and encrypted media should be provided separately either via email addressed to ENF-CPU@sec.gov, or in a letter mailed separately from the data.

Please include a cover letter stating whether you believe you have met your obligations under the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and sending it all to us.

2

Please also provide a narrative description describing what you did to identify and collect documents responsive to the subpoena. For example:

- who searched for documents;
- who reviewed documents found to determine whether they were responsive;
- what sources were searched (e.g., computer files, CDs, DVDs, thumb drives, flash drives, online storage media, hard copy files, diaries, datebooks, planners, filing cabinets, home office, work office, voice mails, home email, webmail, work email, backup tapes or other media);
- what third parties, if any, were contacted to obtain responsive documents (e.g., phone companies for phone records, brokerage firms for brokerage records); and
- where the original electronic and hardcopy documents are maintained and by whom.

I have attached a Declaration Certifying Records; execution of the declaration may allow the Commission to introduce documents provided by **MGT** in a judicial proceeding, without requiring the testimony of your custodian of records should the documents be required at trial

*What if I do not send everything described in the attachment to the subpoena?*

The subpoena requires you to send all the materials described in it. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the subpoena, you should submit a list of what you are not producing. The list should describe each item separately, noting:

- its author(s);
- its date;
- its subject matter;
- the name of the person who has the item now, or the last person known to have it;
- the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;
- the reason you did not produce the item; and
- the specific request in the subpoena to which the document relates.

If you withhold anything on the basis of a claim of attorney-client privilege or attorney work product protection, you should identify the attorney and client involved. If you withhold anything on the basis of the work product doctrine, you should also identify the litigation in anticipation of which the document was prepared.

3

If documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, please identify such documents and give the date on which they were lost, discarded or destroyed.

*Where should I send the materials?*

Please send the materials to:

ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E., Mailstop 5973
Washington, DC 20549-5973

For smaller electronic productions under 10MB in size, the materials may be emailed to the following email address: ENF-CPU@sec.gov.

## Other Important Information

*May I have a lawyer help me respond to the subpoena?*

Yes. You have the right to consult with and be represented by your own lawyer in this matter. We cannot give you legal advice.

*What will the Commission do with the materials I send?*

The enclosed SEC Form 1662 includes a List of Routine Uses of information provided to the Commission. This form has other important information for you. Please read it carefully.

*Has the Commission determined that anyone has done anything wrong?*

This investigation is a non-public, fact-finding inquiry. We are trying to determine whether there have been any violations of the federal securities laws. The investigation and the subpoena do not mean that we have concluded that you or anyone else has broken the law. Also, the investigation does not mean that we have a negative opinion of any person, entity or security.

*Important Policy Concerning Settlements*

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

4

*I have read this letter, the subpoena, and the SEC Form 1662, but I still have questions. What should I do?*

If you have any questions or would like to discuss this matter, you may call me at (212) 336-0170 or Assistant Regional Director Michael Paley at (212) 336-0145. If you are represented by a lawyer, you should have your lawyer contact me.

Sincerely,

Katherine S. Bromberg
Senior Counsel
Division of Enforcement

Enclosures:  Subpoena and Attachment
SEC Data Delivery Standards
SEC Form 1662
Business Records Certification

5



# SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

NY-09507

To: MGT Capital Investments, Inc.
500 Mamaroneck Avenue, Suite 204
Harrison, NY 10528

☒ **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below:

ENF-CPU, U.S. Securities and Exchange Commission, 100 F St., N.E., Mailstop 5973, Washington, DC 20549-5973, no later than September 28, 2016 at 5:00 p.m.

☐ **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below:

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By: _____   Date: September 14, 2016
Katherine S. Bromberg
Senior Counsel
Division of Enforcement
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, New York 10281-1022

I am an officer of the U.S. Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933, Section 21(a) of the Securities Exchange Act of 1934, Section 209(a) of the Investment Advisers Act of 1940, and Section 42(a) of the Investment Company Act of 1940.

SUBPOENA ATTACHMENT FOR MGT Capital Investments, Inc.
September 14, 2016

NY-09507

A. **Definitions**

As used in this subpoena, the entities listed below shall have the following meanings:

1. Alpha Capital Anstalt ("Alpha") means the entity doing business under the name "Alpha Capital Anstalt" including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

2. ATG Capital, LLC ("ATG") means the entity doing business under the name "ATG Capital, LLC" including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

3. D-Vasive, Inc. ("D-Vasive") means the entity doing business under the name "D-Vasive, Inc." including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

4. Demonsaw LLC ("Demonsaw") means the entity doing business under the name "Demonsaw LLC" including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

5. Grander Holdings, Inc. ("Grander") means the entity doing business under the name "Grander Holdings, Inc." including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

6. GRQ Consultants, Inc. means the entity doing business under the name "GRQ Consultants" including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

1

7. HS Contrarian Investments LLC ("HS Contrarian") means the entity doing business under the name "HS Contrarian Investments LLC" including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

8. Iroquois Capital Management LLC ("Iroquois") means the entity doing business under the name "Iroquois Capital Management LLC" including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

9. "LFR Trust" ("LFR") means the entity doing business under the name "LFR Trust" including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

10. "Melechdavid, Inc." ("Melechdavid") means the entity doing business under the name "Melechdavid, Inc." including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

11. "MGT Capital Investments, Inc." ("MGT") means the entity doing business under the name "MGT Capital Investments, Inc." including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

12. Stetson Capital Investments, Inc. ("Stetson Capital") means the entity doing business under the name "Stetson Capital Investments, Inc." including parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, general partners, limited partners, partnerships and aliases, code names, or trade or business names used by any of the foregoing.

As used in this subpoena, the words and phrases listed below shall have the following meanings:

13. "Person" means a natural person, firm, association, organization, partnership, business, trust, corporation, bank or any other private or public entity.

14. A "Representative" of a Person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, or any other representative acting or purporting to act on behalf of the Person.

15. "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice Communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

16. "Communication" means any correspondence, contact, discussion, e-mail, instant message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of a Document or Documents.

17. "Concerning" means directly or indirectly, in whole or in part, describing, constituting, evidencing, recording, evaluating, substantiating, concerning, referring to, alluding to, in connection with, commenting on, relating to, regarding, discussing, showing, describing, analyzing or reflecting.

18. The term "you" and "your" means the Person or entity to whom this subpoena was issued.

19. To the extent necessary to bring within the scope of this subpoena any information or Documents that might otherwise be construed to be outside its scope:

    a.  the word "or" means "and/or";
    b.  the word "and" means "and/or";
    c.  the functional words "each," "every" "any" and "all" shall each be deemed to include each of the other functional words;

3

        d.      the masculine gender includes the female gender and the female gender includes the masculine gender; and
        e.      the singular includes the plural and the plural includes the singular.

**B.** **Instructions**

1. Unless otherwise specified, the subpoena calls for production of the original Documents and all copies and drafts of same. Documents responsive to this subpoena may be in electronic or paper form. Electronic Documents such as email should be produced in accordance with the attached Document entitled SEC Data Delivery Standards. All electronic Documents responsive to the Document subpoena, including all metadata, should also be produced in their native software format.

2. For Documents in paper format, you may send the originals, or, if you prefer, you may send copies of the originals. The Commission cannot reimburse you for the copying costs. If you are sending copies, the staff requests that you scan (rather than photocopy) hard copy Documents and produce them in an electronic format consistent with the SEC Data Delivery Standards. Alternatively, you may send us photocopies of the Documents in paper format. If you choose to send copies, you <u>must</u> secure and retain the originals and store them in a safe place. The staff may later request or require that you produce the originals.

3. Whether you scan or photocopy Documents, the copies must be identical to the originals, including even faint marks or print. Also, please note that if copies of a Document differ in any way, they are considered separate Documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

4. In producing a photocopy of an original Document that contains post-it(s), notation flag(s), or other removable markings or attachments which may conceal all or a portion of the markings contained in the original Document, photocopies of the original Document both with and without the relevant post-it(s), notation flag(s), or removable markings or attachments should be produced.

5. Documents should be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this request. In that regard, Documents should be produced in a unitized manner, *i.e.*, delineated with staples or paper clips to identify the Document boundaries.

6. Documents should be labeled with sequential numbering (bates-stamped).

4

7. You are not required to produce exact duplicates of any Documents that have been previously produced to the Securities and Exchange Commission staff **in connection with this matter**. If you are not producing Documents based upon a prior production, please identify the responsive Documents that were previously produced.

8. For any Documents that qualify as records of regularly conducted activities under Federal Rule of Evidence 902(11), please complete a business records certification (a sample of which is enclosed) and return it with the Document production.

9. This subpoena covers all Documents in or subject to your possession, custody or control, including all Documents that are not in your immediate possession but that you have the effective ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth below. If, for any reason – including a claim of attorney-client privilege – you do not produce something called for by the request, you should submit a list of what it is not producing. The list should describe each item separately, noting:

   a. its author(s);
   b. its date;
   c. its subject matter;
   d. the name of the Person who has the item now, or the last Person known to have it;
   e. the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents;
   f. the basis upon which you are not producing the responsive Document;
   g. the specific request in the subpoena to which the Document relates;
   h. the attorney(s) and the client(s) involved; and
   i. in the case of the work product doctrine, the litigation for which the Document was prepared in anticipation.

10. If Documents responsive to this subpoena no longer exist because they have been lost, discarded, or otherwise destroyed, you should identify such Documents and give the date on which they were lost, discarded or destroyed.

5

C. **Documents to be Produced**

1. Documents sufficient to identify all principals, officers, directors, shareholders and other persons with a direct or indirect beneficial ownership interest in, or who have exercised direct or indirect control over, MGT.

2. All MGT press releases during the Relevant Time Period.

3. All organizational charts or other Documents sufficient to identify the names, titles, responsibilities, and last known home addresses and telephone numbers of the management of MGT.

4. All Documents and Communications Concerning MGT quarterly and annual reports and financial statements from the time period of 2013-present, including but not limited to Forms 10-K and 10-Q and any other filings with the SEC or disseminated to shareholders or potential purchasers of MGT stock, and drafts thereof.

5. Documents sufficient to identify by last known home address and telephone number, all members of MGT's Board of Directors.

6. Documents Concerning MGT's Board of Directors' meetings, including but not limited to meeting minutes (including drafts), notes, agendas, and lists of attendees.

7. All Documents Concerning any relationship or Communications between MGT and any individual or entity engaged in the marketing, offering, promotion and/or sales of MGT's common stock during the Relevant Time Period.

8. All Documents and Communications Concerning the issuance of MGT stock, including without limitation documents reflecting the dates and amounts of stock issued, including, but not limited to, all Communications with any transfer agent Concerning the issuance of MGT stock.

9. All Documents and Communications with broker-dealers Concerning MGT.

10. All Documents and Communications Concerning MGT's acquisition of certain technology and assets of D-Vasive, as stated in MGT's Form 8-K filed on May 9, 2016.

11. All Documents and Communications Concerning the drafting, editing, review and approval of MGT's Form 8-K filed on May 9, 2016.

12. All Documents and Communications Concerning the paid promotion made by MGT for $125,000 for a two-month contract May 6, 2016 – July 5, 2016 as disclosed by Stock Beast on May 9, 2016.

13. Copies of all statements for all bank accounts in the name of MGT or over which MGT had any control at any time during the Relevant Period.

14. Copies of all offering documentation, subscription agreements, investment contracts, purchase agreements and promissory notes relating to all investment transactions Concerning MGT, including but not limited to, any fundraising activities, private securities transactions, investment banking deals, unregistered offerings, private placements, bridge loans, debentures, partnership interest, funds, equity and/or debt financing.

15. All Documents Concerning strategic business plans, business models or planning documents created by or on behalf of or Concerning MGT during the Relevant Period.

16. All Documents and Communications Concerning any complaints (formal or informal) from clients, investors or others received during the period from January 1, 2014 through the present.

17. Documents sufficient to identify the entity or individuals responsible for creating or maintaining the MGT website found at http://www.mgtci.com/.

18. Documents sufficient to identify the entity or individuals who drafted any portion of text on MGT's website or reviewed the content before it was posted.

19. All Documents and Communications between MGT and the following entities:
    a. Alpha;
    b. ATG;
    c. D-Vasive;
    d. Demonsaw;
    e. Grander;
    f. HS Contrarian;
    g. Hudson Bay;
    h. Iroquois;
    i. LFR;
    j. Melechdavid; and
    k. Stetson Capital.

20. All Documents and Communications between MGT and the following individuals:
    a. Michael Brauser;
    b. John H. Ford;
    c. Barry Honig;
    d. Mark Groussman;

7

e. John Sandor Lemak;
    f. John R. O'Rourke III;
    g. Josh Silverman;
    h. John Stetson; and
    i. Jill Strauss.

8