IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BARRY HONIG, )
)
      Plaintiff, )
)
v. ) 1:17-CV-184
)
ROBERT LADD, MGT CAPITAL )
INVESTMENTS, INC.,TERI BUHL, )
and DOES 1 - 20, )
)
      Defendants. )

## ORDER

    The defendants Robert Ladd and MGT Capital move to dismiss the complaint for failure to state a claim. The Court concludes that the complaint states claims on which relief may be granted for libel and slander, unfair trade practices pursuant to Chapter 75, and conspiracy to defame and to engage in unfair trade practices. At this stage the Court need not resolve what state law applies, as the complaint appears generally adequate under any potentially applicable state law to assert libel and slander claims and the choice of law decision will be better made on a more developed factual record. *See Terry v. Swift Transportation*, No. 1:16cv256, 2017 WL 1013074, at *7 (M.D.N.C. Mar. 14, 2017) (Auld, M.J.), *recommendation adopted*, No. 1:16cv256, 2017 WL 2881141 (M.D.N.C. July 6, 2017). Allowing the Chapter 75 claim to remain in the case will not require additional discovery beyond that otherwise required to prosecute or defend the case.

Whatever state law applies, the complaint fails to state a claim for interference with prospective economic advantage and for conspiracy to interfere with prospective economic advantage, as the allegations are entirely conclusory. While a plaintiff need not prove his case by his complaint, the complaint must provide enough facts to make the cause of action plausible. That has not been done here.[1]

It is **ORDERED** that the motion to dismiss filed by the defendants Robert Ladd and MGT Capital, Doc. 19, is **GRANTED in part and DENIED in part** as follows:

1. The motion is **GRANTED** as to the plaintiff's interference with prospective economic advantage and conspiracy to interfere with prospective economic advantage claims and those claims are **DISMISSED.**

2. The motion is **DENIED** as to the remaining claims asserted against Robert Ladd and MGT Capital.

It is further **ORDERED** that should the plaintiff file a motion to amend the complaint to assert the interference claims with more specificity, resolution of that motion shall not delay discovery and a Rule 26(f) conference. The motion to dismiss filed by the defendant Teri Buhl, Doc. 27, remains under advisement.

This the 24th day of August, 2017.

                                                  UNITED STATES DISTRICT JUDGE

---

[1] Mr. Honig contends that "the Court should not follow" the New York case law cited by the defendants. Doc. 31 at 39 nn. 14, 15. However, he makes no argument to support his contention. This will not do, and Mr. Honig should expect any such perfunctory arguments to be ignored in the future. *Hughes v. B/E Aerospace, Inc.*, No. 1:12CV717, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014) ("A party should not expect a court to do the work that it elected not to do.").