# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BARRY HONIG, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT LADD, an individual; MGT ) <br> CAPITAL INVESTMENTS, INC., ) <br> a Delaware corporation; TERI BUHL, ) <br> an individual; and DOES 1-20, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 1:17-cv-00184-CCE-LPA |

## SUR-REPLY TO DEFENDANT TERRI BUHL'S MOTION TO DISMISS

### (PURSUANT TO COURT'S TEXT ORDER OF AUGUST 22, 2017)

David E. Fox, Esq.
N.C. State Bar No. 10332
MOORE & VAN ALLEN PLLC
3015 Carrington Mill Blvd., Suite 400
Morrisville, North Carolina 28202-4003
Tel: (704) 331-1000
Fax: (704) 331-1159
Email: davidfox@mvalaw.com

Charles J. Harder, Esq.*
Ryan J. Stonerock, Esq.*
HARDER MIRELL & ABRAMS LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Tel: (424) 203-1600
Fax: (424) 203-1601
Email: charder@hmafirm.com
      rstonerock@hmafirm.com
*L.R.83.1(d) Special Appearance

*Counsel for Plaintiff*

## SUR-REPLY

Contrary to defendant Teri Buhl's ("Buhl") assertion, *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) ("*Walden*"), has not overturned or precluded the application of conspiracy personal jurisdiction. In fact, *Walden* **did not even address personal jurisdiction based upon conspiracy**. There, the plaintiffs asserted personal jurisdiction in Nevada based upon their own residence in Nevada, even though their claims arose out of a single interaction with the Georgia defendant that occurred in Georgia. In rejecting personal jurisdiction, the Supreme Court held that the "plaintiff cannot be the only link between the defendant and the forum." *Id*. at 1222. However, the Supreme Court made clear that "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or **other parties**." *Id.* at 1222-1223 (Emphasis added). Accordingly, the holding of *Walden* is of no assistance to Buhl.

In *Walden*, a DEA agent who lived and worked in Georgia confiscated bags from visiting Nevada citizens. The bags' owners sued Walden in Nevada claiming their Fourth Amendment Rights had been violated. *Id.* at 1119. The Supreme Court held that "[the DEA agent]'s actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections" and that "[s]uch reasoning improperly attributes a plaintiff's forum connections to the defendant." *Id.* at 1122 (Emphasis added).

Indeed, no case has limited or overturned the theory of conspiracy jurisdiction after *Walden*. *In re N. Sea Brent Crude Oil Futures Litig.*, No. 13-MD-02475 (ALC), 2017 WL 2535731, at *9 (S.D.N.Y. June 8, 2017), cited by Buhl, questioned whether personal jurisdiction based on conspiracy remains viable in light of *Walden*. However, that court did **not** decide that issue because it found no agency existed between the co-defendants.[1] *Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, No. CV GLR-

---

[1] Regardless, North Carolina law applies to this Court's analysis of personal jurisdiction. *Szulik v. TAG Virgin Islands, Inc.*, 783 F. Supp. 2d 792, 795–96 (E.D.N.C. 2011) ("This

1

16-2974, 2017 WL 2778825, at *7 (D. Md. June 26, 2017), cited by Buhl, did **not** consider whether conspiracy jurisdiction should be overturned. Rather, it held that applying the theory, on its specific facts, would not comport with Due Process requirements because the defendants did not direct any conduct in furtherance of the conspiracy to the forum state. *Id.* Unlike the defendants conduct in *Planet Aid*, Honig submitted substantial evidence that Buhl directed her conduct toward North Carolina.

The courts in the Fourth Circuit have also continued to use conspiracy jurisdiction to determine if its courts have personal jurisdiction over out-of-state defendants. *See Griffith v. Gray*, 2017 WL 388858, at *2 (W.D.N.C. Jan. 9, 2017) (conspiracy jurisdiction existed over out-of-state defendants because defendants conspired to "flout the safety rules governing inspection, repair, and maintenance of the commercial vehicles under their control" and, as part of the conspiracy, one defendant drove an unsafe tractor-trailer through North Carolina).[2] Likewise, the S.D.N.Y. has held that it was "unpersuaded that the Supreme Court's decision in *Walden* dramatically revised the law of specific personal jurisdiction." *In re LIBOR-Based Fin. Instruments Antitrust Litigation*, 2015 WL 6243526, at *36 (S.D.N.Y. Oct. 20, 2015).

In sum, the facts wholly support that Buhl directed her contacts to North Carolina in furtherance of her conspiracy with the in-state defendants. If Buhl wants to offer contradictory outside evidence, then Honig requests an evidentiary hearing and permission to take discovery on the issue of personal jurisdiction.

---

court may exercise personal jurisdiction over a non-resident defendant only in the manner provided for by North Carolina law and only to the extent personal jurisdiction is consistent with constitutional due process." As discussed herein, conspiracy jurisdiction remains viable in North Carolina.

[2] *Hutton v. Hydra-Tech, Inc.*, 213 F. Supp. 3d 746, 754 (M.D.N.C. 2016) (considered jurisdiction via conspiracy but held defendant did not adequately plead conspiracy); *Gold v. Gold*, 2017 WL 2061480, at *2 (D. Md. May 15, 2017) ("The conspiracy theory of jurisdiction comports with the requirements of constitutional due process.")

2

Dated: August 28, 2017

Respectfully submitted,
**MOORE & VAN ALLEN PLLC**

By: */s/ David E. Fox*_____
David E. Fox, Esq.
N.C. State Bar No. 10332
Moore & Van Allen PLLC
3015 Carrington Mill Blvd., Suite 400
Morrisville, North Carolina 28202-4003
Tel: (704) 331-1000
Fax: (704) 331-1159
Email: davidfox@mvalaw.com


Charles J. Harder, Esq.*
Ryan J. Stonerock, Esq.*
**HARDER MIRELL & ABRAMS LLP**
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Tel: (424) 203-1600
Fax: (424) 203-1601
Email: charder@hmafirm.com
Email: rstonerock@hmafirm.com
* LR 83.1(d) Special Appearance

*Counsel for Plaintiff*

3

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **SUR-REPLY TO DEFENDANT TERRI BUHL'S MOTION TO DISMISS (PURSUANT TO COURT'S TEXT ORDER OF AUGUST 22, 2017)** was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

>Jonathan C. Krisko
>Erik R. Zimmerman
>*Robinson, Bradshaw & Hinson P.A.*
>101 N. Tryon Street, Suite 1900
>Charlotte, NC 28246
>jkrisko@robinsonbradshaw.com
>ezimmerman@robinsonbradshaw.com
>
>Darren Laverne
>Jeffrey W. Davis
>John P. Coffey
>Kramer, Levin, Naftalis & Frankel LLP
>1177 Avenue of the Americas
>New York, NY 10036
>dlaverne@kramerlevin.com
>jdavis@kramerlevin.com
>scoffey@kramerlevin.com
>
>*Attorneys for Defendants, Robert Ladd and MGT Capital Investments, Inc.*
>
>
>Kimberly M. Marston
>Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
>2000 Renaissance Plaza
>230 North Elm Street
>Greensboro, NC 27401
>kmarston@brookspierce.com

1

Eric M. David
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
1700 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, NC 27601
edavid@brookspierce.com

Michael Tremonte
Erica A. Wolff
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, NY 10004
mtremonte@shertremonte.com
ewolff@shertremonte.com

*Attorneys for Defendant, Teri Buhl*


This 28th day of August, 2017.

                /s/ David E. Fox
                David E. Fox