IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BARRY HONIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-CV-184 |
| | ) | |
| ROBERT LADD, MGT CAPITAL | ) | |
| INVESTMENTS, INC.,TERI BUHL, | ) | |
| and DOES 1 - 20, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The defendant Teri Buhl moves to dismiss the complaint for lack of personal jurisdiction and failure to state a claim. The Court concludes that the plaintiff Barry Honig has established by a preponderance of the evidence that Ms. Buhl has minimum contacts with North Carolina, that the complaint states claims on which relief may be granted for libel and slander, unfair trade practices pursuant to Chapter 75, and conspiracy to defame and to engage in unfair trade practices, and that the complaint does not state a claim on which relief may be grated for interference with prospective economic advantage and for conspiracy to interfere with prospective economic advantage. The motion will be granted in part and denied in part.

A. Specific Jurisdiction

Mr. Honig has the burden "to prove grounds for jurisdiction by a preponderance of the evidence." *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). When both sides present evidence about personal jurisdiction, factual conflicts must be resolved

in favor of the party asserting jurisdiction for the limited purpose of determining whether a prima facie showing has been made. *See Universal Leather, LLC v. Koro AR, S.A*, 773 F.3d 553, 558 (4th Cir. 2014); *Mylan Labs.*, 2 F.3d at 62; *Barclays Leasing, Inc. v. Nat'l Bus. Sys., Inc.*, 750 F. Supp. 184, 186 (W.D.N.C. 1990); *see also Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Mr. Honig has presented evidence that Ms. Buhl entered into a conspiracy with Robert Ladd, a North Carolina resident, and MGT Capital Investments, Inc., a company with its offices in North Carolina, to repeatedly defame Mr. Honig, that Ms. Buhl and Mr. Ladd spoke with each other several times over the course of several months in order to plan, implement, and carry out the conspiracy,[1] that some of the co-conspirators' conversations took place by phone while Mr. Ladd was in North Carolina, that Ms. Buhl initiated at least one of these calls, and that Ms. Buhl published the defamatory statements online where they were widely and easily available, including in North Carolina. Docs. 35, 36. He has also presented evidence from which one could infer that Mr. Ladd sent a copy of a subpoena which is at the center of the defamation allegations to Ms. Buhl from MGT offices in North Carolina. *Id.* Drawing all inferences in favor of jurisdiction, *Universal Leather*, 773 F.3d at 558, this evidence is sufficient to support specific jurisdiction.

---

[1] Mr. Honig has testified via declaration that Mr. Ladd admitted the conspiracy to him and spoke on the phone to Ms. Buhl about the conspiracy in Mr. Honig's presence. Doc. 35. A former employee of MTG has also testified via declaration that Mr. Ladd repeatedly discussed the conspiracy in MTG's North Carolina offices. Doc. 36.

Mr. Honig's evidence is sufficient to establish personal jurisdiction under the traditional three part test for specific jurisdiction: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims [arose] out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012). Mr. Honig has met the first element by offering substantial evidence (1) that a conspiracy existed; (2) that each of the defendants challenging the exercise of personal jurisdiction participated in the conspiracy; and (3) that the actions of a co-conspirator in furtherance of the conspiracy had sufficient contacts with the forum state to subject the remaining conspirators to jurisdiction in the forum state. *Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 329 (4th Cir. 2013). The libel and slander claims flowed from the communications in North Carolina and the transmission of the subpoena from North Carolina, and it is reasonable to require a co-conspirator to come to court in the state where the conspiracy was centered. While Ms. Buhl's allegedly defamatory statements were made outside of North Carolina, Mr. Honig's evidence shows that those statements were made as part of a conspiracy entered into and facilitated by communications in North Carolina. *See also Universal Leather*, 773 F.3d at 560 (noting that the Fourth Circuit generally has found "that a foreign defendant has purposefully availed itself of the privilege of conducting business in the forum state when the defendant substantially collaborated with a forum resident and that joint enterprise constituted an integral element of the dispute.") (citations and quotations omitted).

Ms. Buhl contends that the Supreme Court did away with the "conspiracy theory" of specific jurisdiction in *Walden v. Fiore*, relying on the Court's statement in that decision that "our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122, 188 L. Ed. 2d 12 (2014). *Walden*, however, was a case where all of the contacts between the plaintiff and the defendant happened in Georgia, not in Nevada where the plaintiff sued the defendant. Here, the contacts between the co-defendants occurred over the phone line with one defendant in North Carolina, and at least some of those contacts were initiated by Ms. Buhl. Moreover, the Supreme Court has repeatedly recognized that agency relationships "may be relevant to the existence of *specific* jurisdiction," *Daimler AG v. Bauman*, 134 S. Ct. 746, 759 n.13 (2014) (collecting cases) (emphasis in original), and the conspiracy theory is simply a species of agency.

Ms. Buhl next contends that her evidence establishes that she did not know Mr. Ladd and MGT were in North Carolina and that she did not knowingly talk with anyone she knew to be in North Carolina about Mr. Honig. Assuming without deciding that the conspiracy theory of jurisdiction requires a showing that she knew her alleged co-conspirator was in North Carolina and engaged in conduct to further the conspiracy with that knowledge,[2] Mr. Honig's evidence supports the inference that Ms. Buhl knew her co-

---

[2] The cases Ms. Buhl cites for this proposition are *Lolavar v. de Santibanes*, 430 F.3d 221, 229 (4th Cir. 2005); *McLaughlin v. McPhail*, 707 F.2d 800, 807 (4th Cir. 1983); *Crutchfield v. ImmunoScience, Inc.,* Nos. 1:08CV561, 1:09CV973, 2012 WL 263396 (M.D.N.C. Jan. 30, 2012); *BeoCare Grp., Inc. v. Morrissey*, 124 F. Supp. 3d 696, 702 (W.D.N.C. 2015). See Doc. 41 at 8. These cases require only a showing that a conspiracy existed, the defendants

conspirators were in North Carolina. It is certainly a reasonable inference that Ms. Buhl would know that Mr. Ladd was in North Carolina, as his company was moving its operations to North Carolina just before and during the conspiracy and the two appear to have been in regular contact at that time, including at least one personal meeting celebrating publication of the allegedly defamatory article. Doc. 36 at ¶ 8.

B.  Rule 12(b)(6)

At this stage the Court need not resolve what state law applies, as the complaint appears generally adequate under any potentially applicable state law to assert libel and slander claims and the choice of law decision will be better made on a more developed factual record. *See Terry v. Swift Transportation*, No. 1:16cv256, 2017 WL 1013074, at *7 (M.D.N.C. Mar. 14, 2017) (Auld, M.J.), *recommendation adopted*, No. 1:16cv256, 2017 WL 2881141 (M.D.N.C. July 6, 2017). If North Carolina law applies, the Chapter 75 claim is sufficient, and allowing the Chapter 75 claim to remain in the case will not require additional discovery beyond that otherwise required to prosecute or defend the case.

Whatever state law applies, the complaint fails to state a claim for interference with prospective economic advantage and for conspiracy to interfere with prospective economic advantage, as the allegations are entirely conclusory. While a plaintiff need

---

participated therein, and the co-conspirator's activities in furtherance of the conspiracy had sufficient contact with North Carolina to subject that conspirator to jurisdiction in North Carolina. None explicitly say that the out-of-state co-conspirator had to know where her co-conspirators were located.

5

not prove his case by his complaint, the complaint must provide enough facts to make the cause of action plausible. That has not been done here.

It is **ORDERED** that the motion to dismiss filed by the defendant Teri Buhl, Doc. 27, is **GRANTED in part and DENIED in part** as follows:

1. The motion is **GRANTED** as to the plaintiff's interference with prospective economic advantage and conspiracy to interfere with prospective economic advantage claims and those claims are **DISMISSED.**

2. The motion is **DENIED** as to the remaining claims asserted against Teri Buhl.

It is further **ORDERED** that should the plaintiff file a motion to amend the complaint to assert the interference claims with more specificity, resolution of that motion shall not delay discovery and a Rule 26(f) conference.

This the 7th day of September, 2017.

_____
UNITED STATES DISTRICT JUDGE