IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:17-cv-00184-CCE-LPA

BARRY HONIG, an individual,

    Plaintiff,

v.

ROBERT LADD, an individual, MGT CAPITAL INVESTMENTS, INC., a Delaware corporation, TERI BUHL, an individual, and DOES 1-20,

    Defendants.

**ANSWER**

Defendants Robert Ladd and MGT Capital Investments, Inc. ("MGT") by their attorneys Kramer Levin Naftalis and Frankel LLP, respond as follows:

**SUMMARY OF THE CASE**

1. Deny the allegations of paragraph 1 except: (1) admit Mr. Ladd is the President and Chief Executive Officer of MGT, which is a publicly-traded company in which Plaintiff purports to be a shareholder; and (2) lack knowledge or information sufficient to form a belief as to whether Plaintiff is a "private investor" or whether Terri Buhl is a "self-styled 'investigative journalist.'"

2. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, except: (1) deny that Mr. Ladd or MGT conceived the articles referenced in that paragraph; and (2) refer the Court to those articles for their complete text.

3. Deny the allegations of paragraph 3.

1

4. Deny the allegations of paragraph 4.

5. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, except deny that there was a conspiracy amongst Defendants to defame Plaintiff and deny that Mr. Ladd or MGT were sources for the articles referenced in that paragraph. To the extent paragraph 5 purports to state a legal conclusion, decline to answer because no responsive pleading is required.

6. Deny the allegations of paragraph 6, except admit that Plaintiff has asserted claims against Defendants for defamation, civil conspiracy, intentional interference with prospective business advantage (which has been dismissed by the Court), and unfair and deceptive trade practices.

**PARTIES**

7. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Deny the allegations of paragraph 8, except admit Mr. Ladd is a citizen and domiciliary of North Carolina, that he was the President and a Director of MGT at all relevant times, and that he was the Chief Executive Officer of MGT prior to November 18, 2016..

9. Admit the allegations of paragraph 9.

10. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, except deny being co-conspirators or acting in the course or scope of any conspiracy. To the extent paragraph 12 purports to state a legal conclusion, decline to answer because no responsive pleading is required.

13. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13. To the extent paragraph 13 purports to state a legal conclusion, decline to answer because no responsive pleading is required.

## JURISDICTION & VENUE

14. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, except admit this Court has personal jurisdiction over Mr. Ladd and MGT. To the extent the paragraph 14 purports to state a legal conclusion, decline to answer because no responsive pleading is required.

15. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15. To the extent paragraph 14 purports to state a legal conclusion, decline to answer because no responsive pleading is required.

16. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and, therefore, reserve the right to move to transfer venue. To the extent paragraph 16 purports to state a legal conclusion, decline to answer because no responsive pleading is required.

## FACTS RELEVANT TO ALL CAUSES OF ACTIONS

17. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, except refer the Court to the referenced article for its complete text.

18. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, except refer the Court to the referenced article for its complete text. To the extent paragraph 18 purports to state a legal conclusion, decline to answer because no responsive pleading is required.

19. Deny the allegations of paragraph 19, except: (1) admit that the SEC served a subpoena on MGT; and (2) refer the Court to the referenced subpoena and cover letter for their complete text.

20. Admit the allegations of paragraph 20, except refer the Court to the referenced press release for its complete text.

21. Deny the allegations of paragraph 21.

22. Deny the allegations of paragraph 22. To the extent paragraph 22 purports to state a legal conclusion, decline to answer because no response is required.

23. Deny the allegations of paragraph 23, except refer the Court to the referenced article for its complete text. To the extent paragraph 23 purports to state a legal conclusion, decline to answer because no response is required.

24. Deny the allegations of paragraph 24, except refer the Court to the referenced article for its full and complete text.  To the extent paragraph 24 purports to state a legal conclusion, decline to answer because no response is required.

25. Deny the allegations of paragraph 25, except refer the Court to the referenced article for its complete text.  To the extent paragraph 25 purports to state a legal conclusion, decline to answer because no response is required.

26. Deny that Mr. Ladd or MGT made false statements.  Lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26, except: (1) admit the name "Barry Honig" appears once in the subpoena; and (2) refer the Court to the referenced subpoena for its complete text.

27. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, except refer the Court to the referenced article for its complete text.  To the extent paragraph 27 purports to state a legal conclusion, decline to answer because no response is required.

28. Deny the allegations of paragraph 28, except refer the Court to the referenced article for its complete text.  To the extent paragraph 28 purports to state a legal conclusion, decline to answer because no response is required.

29. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30. To the extent paragraph 30 purports to state a legal conclusion, decline to answer because no response is required.

31. Deny the allegations of paragraph 31, except refer the Court to the referenced article for its complete text.

32. Deny the allegations of paragraph 32, except refer the Court to the referenced article for its complete text. To the extent paragraph 32 purports to state a legal conclusion, decline to answer because no response is required.

33. Lack knowledge or information sufficient to from a belief as to the truth of the allegations of paragraph 33.

34. Deny the allegations of paragraph 34, except and refer the Court to the referenced article for its complete text. To the extent paragraph 34 purports to state a legal conclusion, decline to answer because no response is required.

35. Deny the allegations of paragraph 35, except refer the Court to the referenced articles for their complete text. To the extent paragraph 32 purports to state a legal conclusion, decline to answer because no response is required.

36. Deny the allegations of paragraph 36. To the extent paragraph 36 purports to state a legal conclusion, decline to answer because no response is required.

37. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38. Deny the allegations of paragraph 38, except refer the Court to the referenced article for its complete terms. To the extent paragraph 38 purports to state a legal conclusion, decline to answer because no response is required.

## ANSWER TO FIRST CAUSE OF ACTION

**(Libel And Slander Against Ladd, MGT And Does 1-20)**

39. With respect to the allegations of paragraph 39, repeat the responses contained in paragraphs 1 through 38 above.

40. Deny the allegations of paragraph 40.

41. Deny the allegations of paragraph 41. To the extent paragraph 41 purports to state a legal conclusion, decline to answer because no response is required.

42. Deny the allegations of paragraph 42. To the extent paragraph 42 purports to state a legal conclusion, decline to answer because no response is required.

43. Deny the allegations of paragraph 43. To the extent paragraph 43 purports to state a legal conclusion, decline to answer because no response is required.

44. Deny the allegations of paragraph 44. To the extent paragraph 44 purports to state a legal conclusion, decline to answer because no response is required.

45. Deny the allegations of paragraph 45. To the extent paragraph 45 purports to state a legal conclusion, decline to answer because no response is required.

46. Deny the allegations of paragraph 46. To the extent paragraph 46 purports to state a legal conclusion, decline to answer because no response is required.

47. Deny the allegations of paragraph 47. To the extent paragraph 47 purports to state a legal conclusion, decline to answer because no response is required.

## ANSWER TO SECOND CAUSE OF ACTION

### (Libel Against Buhl And Does 1-20)

48. With respect to the allegations of paragraph 48, repeat the responses contained in paragraphs 1-47.

49. Deny the allegations of paragraph 49. To the extent paragraph 49 purports to state a legal conclusion, decline to answer because no response is required.

50. Deny the allegations of paragraph 50. To the extent paragraph 50 purports to state a legal conclusion, decline to answer because no response is required.

51. Deny the allegations of paragraph 51, except lack knowledge or information sufficient to form a belief as to the intentions of Ms. Buhl or Does 1-20. To the extent paragraph 51 purports to state a legal conclusion, decline to answer because no response is required.

52. Deny the allegations of paragraph 52. To the extent paragraph 52 purports to state a legal conclusion, decline to answer because no response is required.

53. Deny the allegations of paragraph 53. To the extent paragraph 53 purports to state a legal conclusion, decline to answer because no response is required.

54. Deny the allegations of paragraph 54. To the extent paragraph 54 purports to state a legal conclusion, decline to answer because no response is required.

55. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55. To the extent paragraph 55 purports to state a legal conclusion, decline to answer because no response is required.

56. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57. Deny the allegations of paragraph 57. To the extent paragraph 57 purports to state a legal conclusion, decline to answer because no response is required.

58. Lack knowledge or information sufficient to form a belief as to the allegations of paragraph 58. To the extent paragraph 58 purports to state a legal conclusion, decline to answer because no response is required.

### ANSWER TO THIRD CAUSE OF ACTION

### (Civil Conspiracy Against All Defendants)

59. With respect to the allegations of paragraph 59, repeat the responses contained in paragraphs 1 through 58..

60. Deny the allegations of paragraph 60. To the extent paragraph 60 purports to state a legal conclusion, decline to answer because no response is required.

61. Deny the allegations of paragraph 61. To the extent paragraph 61 purports to state a legal conclusion, decline to answer because no response is required.

62. Deny the allegations of paragraph 62. To the extent paragraph 62 purports to state a legal conclusion, decline to answer because no response is required.

## ANSWER TO FOURTH CAUSE OF ACTION

## (Intentional Interference With Prospective

## Economic Advantage Against All Defendants)

63-69. Because the Fourth Cause of Action for intentional interference with prospective economic advantage has been dismissed, decline to answer the allegations of paragraphs 63-69 because no response is required.

## ANSWER TO FIFTH CAUSE OF ACTION

## (Unfair And Deceptive Trade Practices Against All Defendants)

70. With respect to the allegations of paragraph 70, repeat the responses contained in paragraphs 1 through 69 above..

71. Deny the allegations of paragraph 71. To the extent paragraph 71 purports to state a legal conclusion, decline to answer because no response is required.

72. Deny the allegations of paragraph 72. To the extent paragraph 72 purports to state a legal conclusion, decline to answer because no response is required.

73. Deny the allegations of paragraph 73.

74. Deny the allegations of paragraph 74.

## FIRST AFFIRMATIVE DEFENSE

75. The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

76. The Complaint is barred in whole or in part because the allegedly defamatory statements are not of or concerning Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

77. The Complaint is barred by the First and Fourteenth Amendments to the Constitution of the United States.

## FOURTH AFFIRMATIVE DEFENSE

78. The Complaint is barred by Article 1, Section 8 of the Constitution of the State of New York.

## FIFTH AFFIRMATIVE DEFENSE

79. The Complaint is barred by Article 1, Section 4 of the Constitution of the State of Florida.

## SIXTH AFFIRMATIVE DEFENSE

80. The Complaint is barred by Article 1, Section 14 of the Constitution of the State of North Carolina.

## SEVENTH AFFIRMATIVE DEFENSE

81. The Complaint is barred in whole or in part because the allegedly defamatory statements are incapable of being characterized as true or false and are protected opinion or do not have defamatory meaning.

11

## EIGHTH AFFIRMATIVE DEFENSE

82. The Complaint is barred in whole or in part because the allegedly defamatory statements are true or substantially accurate.

## NINTH AFFIRMATIVE DEFENSE

83. The Complaint is barred in whole or in part because the allegedly defamatory statements were privileged under common law.

## TENTH AFFIRMATIVE DEFENSE

84. The Complaint is barred in whole or in part because the allegedly defamatory statements are subject to one or more qualified privileges.

## ELEVENTH AFFIRMATIVE DEFENSE

85. The Complaint is barred because Plaintiff was at all relevant times a public figure, and none of the statements complained of were published with actual malice, knowledge that it was false, or with subjective awareness of its probable falsity.

## TWELFTH AFFIRMATIVE DEFENSE

86. The Complaint is barred in whole or in part because Plaintiff has not alleged or suffered special damages or actual injury.

## THIRTEENTH AFFIRMATIVE DEFENSE

87. The Complaint is barred in whole or in part by the single instance rule.

## FOURTEENTH AFFIRMATIVE DEFENSE

88. Relief is barred on the grounds of laches, waiver, unclean hands, and estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

89. Punitive damages are unavailable under applicable law.

* * *

## DEMAND FOR JURY TRIAL

Mr. Ladd and MGT demand a trial by jury.

## PRAYER FOR RELIEF

Wherefore, Mr. Ladd and MGT request that judgment be entered in their favor:

(i) dismissing the Complaint with prejudice;

(ii) awarding Mr. Ladd and MGT costs, fees, and disbursements in defending this action; and

(iii) awarding such other and further relief as the Court deems just and proper.

This 7th day of September, 2017.

| | |
|---|---|
| /s/ Jonathan C. Krisko | /s/ John P. Coffey |
| Jonathan C. Krisko | John P. Coffey* |
| N.C. State Bar No. 28625 | |
| | |
| /s/ Erik R. Zimmerman | /s/ Darren A. LaVerne |
| Erik R. Zimmerman | Darren A. LaVerne* |
| N.C. State Bar No. 50427 | |
| | |
| ROBINSON, BRADSHAW & HINSON, P.A. | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
| 1450 Raleigh Road, Suite 100 | 1177 Avenue of the Americas |
| Chapel Hill, NC 27517 | New York, NY 10036 |
| Telephone: (919) 328-8800 | Telephone: (212) 715-9100 |
| Facsimile: (919) 328-8790 | Facsimile: (212) 715-8000 |
| jkrisko@robinsonbradshaw.com | scoffey@kramerlevin.com |
| ezimmerman@robinsonbradshaw.com | dlaverne@kramerlevin.com |
| | * LR 83.1(d) Special Appearance |

*Attorneys for Defendants Robert Ladd & MGT Capital Investments, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David E. Fox
N.C. State Bar No. 10332
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700.
Charlotte, NC 28202-4003
(919) 286-8069
davidfox@mvalaw.com

Charles J. Harder
Ryan J. Stonerock
HARDER, MIRELL & ABRAMS LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
charder@hmafirm.com
rstonerock@hmafirm.com

*Attorneys for Plaintiff Barry Honig*

Eric M. David
N.C. State Bar No. 38118
BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD LLP
1700 Wells Fargo Capital Center
150 Fayatteville Street
Raleigh, NC 27601
edavid@brookspierce.com

Kimberly M. Marston
N.C. State Bar No. 46231
BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD LLP
2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401
kmarston@brookspierece.com

Michael Tremonte
Erica A. Wolff
SHER TREMONTE
90 Broad Street, 23rd Floor
New York, NY 10004
mtremonte@shertremonte.com
ewolff@shertremonte.com

*Attorneys for Defendant Teri Buhl*

This 7th day of September, 2017.

/s/ Jonathan C. Krisko
Jonathan C. Krisko
ROBINSON, BRADSHAW & HINSON, P.A.
1450 Raleigh Road, Suite 100
Chapel Hill, NC 27517
Telephone: (919) 328-8800
Facsimile: (919) 328-8790
jkrisko@robinsonbradshaw.com
ezimmerman@robinsonbradshaw.com