# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:17-CV-184 (CCE) (LPA)

| | |
|---|---|
| BARRY HONIG, an individual,<br><br>               Plaintiff,<br><br>   v.<br><br>ROBERT LADD, an individual; MGT CAPITAL INVESTMENTS, INC., a Delaware corporation; TERI BUHL, an individual; and DOES 1-20,<br><br>               Defendants. | **ANSWER OF DEFENDANT TERI BUHL** |

Defendant Teri Buhl ("Buhl"), through her attorneys Sher Tremonte LLP and Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, respond as follows to the Complaint dated March 3, 2017:

## SUMMARY OF THE CASE

1. Buhl denies the allegations of paragraph 1 except: (1) admits that Buhl is an investigative journalist; and (2) lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a "private investor" or whether Ladd "is the President and Chief Executive Officer of MGT, a publicly-traded company in which Plaintiff is a shareholder."

2. Buhl denies the allegations of paragraph 2 except: (1) admits that Buhl authored certain articles on her website; and (2) refers the Court to those articles for their complete text.

1

3.     Buhl denies the allegations of paragraph 3.

4.     Buhl denies the allegations of paragraph 4.

5.     Buhl denies the allegations of paragraph 5. To the extent paragraph 5 purports to state a legal conclusion, Buhl declines to answer because no responsive pleading is required.

6.     Buhl denies the allegations of paragraph 6, except admit that Plaintiff has asserted claims against Defendants for defamation, civil conspiracy, intentional interference with prospective business advantage (which has been dismissed by the Court), and unfair and deceptive trade practices.

## PARTIES

7.     Buhl lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies the same.

8.     Buhl lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies the same.

9.     Buhl lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies the same.

10.     Buhl admits the allegations of paragraph 10.

11.     Buhl lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies the same.

12.     Buhl denies the allegations of paragraph 12.  To the extent paragraph 12 purports to state a legal conclusion, Buhl declines to answer because no responsive

pleading is required.

13.    Buhl denies the allegations of paragraph 13.To the extent paragraph 13 purports to state a legal conclusion, Buhl declines to answer because no responsive pleading is required.

## JURISDICTION & VENUE

14.    Buhl lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, except denies that Buhl has minimum contacts with the State of North Carolina, denies that Buhl is a domiciliary of the State of North Carolina, and denies that this Court has personal jurisdiction over Buhl. To the extent paragraph 14 purports to state a legal conclusion, Buhl declines to answer because no responsive pleading is required.

15.    Buhl lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies the same. To the extent paragraph 15 purports to state a legal conclusion, Buhl declines to answer because no responsive pleading is required.

16.    Buhl lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies the same. To the extent paragraph 16 purports to state a legal conclusion, Buhl declines to answer because no responsive pleading is required.

## FACTS RELEVANT TO ALL CAUSES OF ACTIONS

17.    Buhl admits the allegations of paragraph 17 and refers the Court to the

3

referenced article for its complete text.

18. Buhl denies the allegations of paragraph 18, except refers the Court to the referenced article for its complete text. To the extent paragraph 18 purports to state a legal conclusion, Buhl declines to answer because no responsive pleading is required.

19. Buhl denies the allegations of paragraph 19 except: (1) admits that, on February 9, 2017, her website posted a link to an SEC subpoena addressed to MGT; (2) lacks knowledge or information sufficient to form a belief as to whether the Subpoena "was provided to her by Ladd and MGT"; (3) and refers the Court to the referenced Subpoena and cover letter for their complete text.

20. Buhl lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies the same, except refers the Court to the referenced press release for its complete text.

21. Buhl lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies the same.

22. Buhl denies the allegations of paragraph 22. To the extent paragraph 22 purports to state a legal conclusion, Buhl declines to answer because no response is required.

23. Buhl denies the allegations of paragraph 23, except refers the Court to the referenced article for its complete text. To the extent paragraph 23 purports to state a legal conclusion, Buhl declines to answer because no response is required.

24. Buhl denies the allegations of paragraph 24, except refers the Court to the

referenced article for its full and complete text. To the extent paragraph 24 purports to state a legal conclusion, Buhl declines to answer because no response is required.

25.     Buhl denies the allegations of paragraph 25, except refers the Court to the referenced article for its complete text. To the extent paragraph 25 purports to state a legal conclusion, Buhl declines to answer because no response is required.

26.     Buhl denies that Buhl made false statements. Buhl lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26, except: (1) admits the name "Barry Honig" appears once in the subpoena; and (2) refers the Court to the referenced subpoena for its complete text.

27.     Buhl denies the allegations of paragraph 27, except admits that Buhl received a request to retract the original September 23, 2016 article and declined to do so, admits that Buhl changed the title of the original article the same day it was first published, and refers the Court to the referenced articles for their complete text. To the extent paragraph 27 purports to state a legal conclusion, Buhl declines to answer because no response is required.

28.     Buhl denies the allegations of paragraph 28, except refers the Court to the referenced article for its complete text. To the extent paragraph 28 purports to state a legal conclusion, Buhl declines to answer because no response is required.

29.     Buhl denies the allegations of paragraph 29.

30.     Buhl denies the allegations of paragraph 30, except admits that Buhl received requests to retract certain articles she had published and declined to do so. To

the extent paragraph 30 purports to state a legal conclusion, Buhl declines to answer because no response is required.

31. Buhl denies the allegations of paragraph 31, except refers the Court to the referenced article for its complete text.

32. Buhl denies the allegations of paragraph 32, except refers the Court to the referenced article for its complete text. To the extent paragraph 32 purports to state a legal conclusion, Buhl declines to answer because no response is required.

33. Buhl denies the allegations of paragraph 33, except lacks knowledge or information sufficient to from a belief as to what Plaintiff is "aware of."

34. Buhl denies the allegations of paragraph 34, except: (1) admits that, on February 9, 2017, her website provided a link to an SEC subpoena addressed to MGT and posted an article entitled *"Here it is: that MGT Capital SEC Subpoena"*; (2) lacks knowledge or information sufficient to form a belief as to whether "Ladd and MGT leaked a copy of the Subpoena to Buhl;" and (3) refers the Court to the referenced subpoena and article for their complete text. To the extent paragraph 34 purports to state a legal conclusion, Buhl declines to answer because no response is required.

35. Buhl denies the allegations of paragraph 35, except refers the Court to the referenced articles for their complete text. To the extent paragraph 35 purports to state a legal conclusion, Buhl declines to answer because no response is required.

36. Buhl denies the allegations of paragraph 36. To the extent paragraph 36 purports to state a legal conclusion, Buhl declines to answer because no response is

required.

37.     Buhl denies the allegations of paragraph 37, except admits that Buhl received a request to retract certain articles she had published and declined to do so.  To the extent paragraph 37 purports to state a legal conclusion, Buhl declines to answer because no response is required

38.     Buhl denies the allegations of paragraph 38, except refers the Court to the referenced article for its complete text. To the extent paragraph 38 purports to state a legal conclusion, Buhl declines to answer because no response is required.

## ANSWER TO FIRST CAUSE OF ACTION
### (Libel and Slander Against Ladd, MGT and Does 1-20)

39.     With respect to the allegations of paragraph 39, Buhl repeats the responses contained in paragraphs 1 through 38 above.

40.     Buhl lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and therefore denies the same. To the extent paragraph 40 purports to state a legal conclusion, Buhl declines to answer because no response is required.

41.     Buhl denies the allegations of paragraph 41. To the extent paragraph 41 purports to state a legal conclusion, Buhl declines to answer because no response is required.

42.     Buhl denies the allegations of paragraph 42, except lacks knowledge or information sufficient to form a belief as to the intentions of Ladd, MGT, or Does 1-20, and therefore denies the same. To the extent paragraph 42 purports to state a legal

7

conclusion, Buhl declines to answer because no response is required.

43.     Buhl denies the allegations of paragraph 43. To the extent paragraph 43 purports to state a legal conclusion, Buhl declines to answer because no response is required.

44.     Buhl denies the allegations of paragraph 44. To the extent paragraph 44 purports to state a legal conclusion, Buhl declines to answer because no response is required.

45.     Buhl denies the allegations of paragraph 45. To the extent paragraph 45 purports to state a legal conclusion, Buhl declines to answer because no response is required.

46.     Buhl denies the allegations of paragraph 46. To the extent paragraph 46 purports to state a legal conclusion, Buhl declines to answer because no response is required.

47.     Buhl denies the allegations of paragraph 47. To the extent paragraph 47 purports to state a legal conclusion, Buhl declines to answer because no response is required.

## ANSWER TO SECOND CAUSE OF ACTION
### (Libel Against Buhl and Does 1-20)

48.     With respect to the allegations of paragraph 48, Buhl repeats the responses contained in paragraphs 1-47.

49.     Buhl denies the allegations of paragraph 49. To the extent paragraph 49 purports to state a legal conclusion, Buhl declines to answer because no response is

8

required.

50.     Buhl denies the allegations of paragraph 50. To the extent paragraph 50 purports to state a legal conclusion, Buhl declines to answer because no response is required.

51.     Buhl denies the allegations of paragraph 51. To the extent paragraph 51 purports to state a legal conclusion, Buhl declines to answer because no response is required.

52.     Buhl denies the allegations of paragraph 52. To the extent paragraph 52 purports to state a legal conclusion, Buhl declines to answer because no response is required.

53.     Buhl denies the allegations of paragraph 53. To the extent paragraph 53 purports to state a legal conclusion, Buhl declines to answer because no response is required.

54.     Buhl denies the allegations of paragraph 54. To the extent paragraph 54 purports to state a legal conclusion, Buhl declines to answer because no response is required.

55.     Buhl denies the allegations of paragraph 55. To the extent paragraph 55 purports to state a legal conclusion, Buhl declines to answer because no response is required.

56.     Buhl denies the allegations of paragraph 56.

57.     Buhl denies the allegations of paragraph 57. To the extent paragraph 57

purports to state a legal conclusion, Buhl declines to answer because no response is required.

58. Buhl denies the allegations of paragraph 58, except admits that Buhl received requests to retract certain articles she had published and declined to do so. To the extent paragraph 58 purports to state a legal conclusion, Buhl declines to answer because no response is required.

## ANSWER TO THIRD CAUSE OF ACTION
### (Civil Conspiracy Against All Defendants)

59. With respect to the allegations of paragraph 59, Buhl repeats the responses contained in paragraphs 1 through 58.

60. Buhl denies the allegations of paragraph 60. To the extent paragraph 60 purports to state a legal conclusion, Buhl declines to answer because no response is required.

61. Buhl denies the allegations of paragraph 61. To the extent paragraph 61 purports to state a legal conclusion, Buhl declines to answer because no response is required.

62. Buhl denies the allegations of paragraph 62. To the extent paragraph 62 purports to state a legal conclusion, Buhl declines to answer because no response is required.

## ANSWER TO FOURTH CAUSE OF ACTION
### (Intentional Interference with Prospective Economic Advantage)

63. Because the Fourth Cause of Action for intentional interference with

prospective economic advantage has been dismissed, Buhl declines to answer the allegations of paragraph 63 because no response is required.

64. Because the Fourth Cause of Action for intentional interference with prospective economic advantage has been dismissed, Buhl declines to answer the allegations of paragraph 64 because no response is required.

65. Because the Fourth Cause of Action for intentional interference with prospective economic advantage has been dismissed, Buhl declines to answer the allegations of paragraph 65 because no response is required.

66. Because the Fourth Cause of Action for intentional interference with prospective economic advantage has been dismissed, Buhl declines to answer the allegations of paragraph 66 because no response is required.

67. Because the Fourth Cause of Action for intentional interference with prospective economic advantage has been dismissed, Buhl declines to answer the allegations of paragraph 67 because no response is required.

68. Because the Fourth Cause of Action for intentional interference with prospective economic advantage has been dismissed, Buhl declines to answer the allegations of paragraph 68 because no response is required.

69. Because the Fourth Cause of Action for intentional interference with prospective economic advantage has been dismissed, Buhl declines to answer the allegations of paragraph 69 because no response is required.

## ANSWER TO FIFTH CAUSE OF ACTION
### (Unfair And Deceptive Trade Practices Against All Defendants)

70.     With respect to the allegations of paragraph 70, Buhl repeats the responses contained in paragraphs 1 through 69 above.

71.     Buhl denies the allegations of paragraph 71. To the extent paragraph 71 purports to state a legal conclusion, Buhl declines to answer because no response is required.

72.     Buhl denies the allegations of paragraph 72. To the extent paragraph 72 purports to state a legal conclusion, Buhl declines to answer because no response is required.

73.     Buhl denies the allegations of paragraph 73, except admits that Plaintiff purports to seek treble damages pursuant to N.C. Gen. Stat. § 75-16.

74.     Buhl denies the allegations of paragraph 74, except admits that Plaintiff purports to seek recovery of attorneys' fees pursuant to N.C. Gen. Stat. § 75-16-1.

## ANY ALLEGATIONS NOT SPECIFICALLY ADMITTED ABOVE ARE DENIED.

### FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Buhl.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because the allegedly defamatory statements are not of or concerning Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the First and Fourteenth Amendments to the Constitution of the United States.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by Article 1, Section 8 of the Constitution of the State of New York.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by Article 1, Section 4 of the Constitution of the State of Florida.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by Article 1, Section 14 of the Constitution of the State of North Carolina.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because the allegedly defamatory statements are incapable of being characterized as true or false and are protected opinion, hyperbole, or otherwise do not have defamatory meaning.

## NINTH AFFIRMATIVE DEFENSE

Without shifting Plaintiff's burden of proof to establish that the statements at issue are false, the Complaint is barred in whole or in part because the allegedly defamatory statements are true or substantially accurate.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because the allegedly defamatory statements were privileged under common law. For example, and without limitation, Plaintiff's claims are barred and should be denied and dismissed because the statements at issue constitute fair comment upon matters of public interest and concern.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because the allegedly defamatory statements are subject to one or more qualified privileges. For example, and without limitation, Plaintiff's claims are barred and should be denied and dismissed under the fair report privilege because the statements at issue constitute substantially accurate accounts of official proceedings and records.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiff was at all relevant times a public figure, and none of the statements complained of were published with actual malice, knowledge that it was false, or with subjective awareness of its probable falsity.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Plaintiff has not alleged or

suffered special damages or actual injury.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the single instance rule.

## FIFTEENTH AFFIRMATIVE DEFENSE

Relief is barred on the grounds of laches, waiver, unclean hands, and estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for trebled and punitive damages are barred and should be denied and dismissed because Plaintiff fails to allege or plead adequately facts that, if true, would entitle him to trebled or punitive damages under applicable law, including, without limitation, the First, Fifth, and Fourteenth Amendments to the United States Constitution; Article I, Section 14 of the North Carolina Constitution; and N.C. Gen. Stat. § 1D-15, *et seq.*, and because the recovery of trebled and punitive damages in this case is otherwise barred by applicable law, including, without limitation, the First, Fifth, and Fourteenth Amendments to the United States Constitution; Article I, Section 14 of the North Carolina Constitution; and N.C. Gen. Stat. § 1D-15, *et seq.*

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and should be denied and dismissed under the incremental harm doctrine. The statements at issue are not actionable because they could have caused no appreciable additional harm to Plaintiff's reputation.

## DEMAND FOR JURY TRIAL

Buhl demands a trial by jury.

## PRAYER FOR RELIEF

Wherefore, Buhl requests that judgment be entered in her favor:

      (i)     dismissing the Complaint with prejudice;

      (ii)    awarding Buhl costs, attorneys' fees, and disbursements in defending this action; and

      (iii)   awarding such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of September, 2017.

| | |
|---|---|
| BROOKS, PIERCE, McLENDON, HUMPHREY & LEONARD, LLP | SHER TREMONTE LLP |
| By: /s/ Kimberly M. Marston<br>Eric M. David<br>N.C. Bar No. 38118<br>Email: edavid@brookspierce.com<br>1700 Wells Fargo Capitol Center<br>150 Fayetteville Street<br>Raleigh, NC 27601<br>Tel: 919.573.6203<br>Facsimile: 336.232.9103 | By: /s/ Michael Tremonte<br>    Michael Tremonte<br>Michael Tremonte*<br>New York State Bar No. 2929164<br>Email: mtremonte@shertremonte.com |
| | By: /s/ Erica A. Wolff<br>    Erica A. Wolff<br>Erica A. Wolff*<br>New York State Bar No. 4846424<br>Email: ewolff@shertremonte.com |
| Kimberly M. Marston<br>N.C. Bar No. 46231<br>Email: kmarston@brookspierce.com<br>2000 Renaissance Plaza<br>230 North Elm Street<br>Greensboro, NC 27401<br>Tel: 336.373.8850<br>Facsimile: 336.378.1001 | 90 Broad Street, 23rd Floor<br>New York, New York 10004<br>Tel: 212.202.2600<br>Facsimile: 212.202.4156<br>*LR 83.1 (d) Special Appearance |

*Attorneys for Defendant Teri Buhl*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send email notification of such filing to the following:

David E. Fox
Moore & Van Allen
P.O. Box 13706
Research Triangle Park, NC 27709
foxd@mvalaw.com

Charles J. Harder
Ryan J. Stonerock
Harder Mirell & Abrams LLP
132 S Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
charder@hmafirm.com
rstonerock@hmafirm.com

*Attorneys for Plaintiff*

Darren Laverne
Jeffrey W. Davis
John P. Coffey
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
dlaverne@kramerlevin.com
jdavis@kramerlevin.com
scoffey@kramerlevin.com

Erik R. Zimmerman
Robinson, Bradshaw & Hinson, P.A.
1450 Raleigh Road, Ste. 100
Chapel Hill, NC 27517
ezimmerman@robinsonbradshw.com

Jonathan Christopher Krisko
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon St., Ste. 1900
Charlotte, NC 28246
jkrisko@rbh.com

*Attorneys for Defendants MGT Capital Investments, Inc. and Robert Ladd*

This the 21st day of August, 2017.

/s/ Kimberly M. Marston
Kimberly M. Marston

17