# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NUMBER 1:17-CV-00184-CCE-LPA

| | |
|---|---|
| **BARRY HONIG**, an individual,<br>　　　　　　　　　*Plaintiff*,<br>　　　v.<br>**ROBERT LADD,** an individual**; MGT CAPITAL INVESTMENTS, INC.,** a Delaware corporation; **TERI BUHL**, an individual**; and DOES 1-20**,<br>　　　　　　　　　*Defendants*. | **JOINT RULE 26(f) REPORT** |

　　　　1.　　Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.1(b), a meeting was held via teleconference, and was attended by Ryan J. Stonerock, Esq. and David E. Fox, Esq., counsel for Plaintiff Barry Honig ("Honig"); John P. Coffey, Esq., Darren A. LaVerne, Esq. and Jonathan C. Krisko, Esq., counsel for Defendants Robert Ladd ("Ladd") and MGT Capital Investments, Inc. ("MGT"); and Erica A. Wolff, Esq. and Eric M. David, Esq., counsel for Defendant Teri Buhl ("Buhl") (collectively, "Defendants").

　　　　2.　　Discovery Plan. The parties propose to the Court the following discovery plan:

　　　　(a)　　Discovery will be needed on the following subjects:

　　　　　　(i)　　Honig's claims, including damages;

(ii) Ladd and MGT's defenses; and

(iii) Buhl's defenses.

(b) Discovery shall be placed on a case-management track established in LR 26.1. The parties agree that the appropriate plan for this case (with the stipulated modifications by the parties set out below) is that designated in LR 26.1(a) as: <u>Complex</u>.

(c) The date for the completion of all discovery (general and expert) is six (6) months from the discovery commencement date of October 23, 2017.

(d) Stipulated modifications to the case management track include:

(i) Ladd and MGT will together be permitted to take up to five (5) depositions and Buhl will also be permitted to take up to five (5) depositions. Notwithstanding the foregoing, should the Court dismiss Buhl from the case, MGT and Ladd shall be permitted to take up to a total of seven (7) depositions, in accordance with LR 26.1(a)(2).

(e) Unless otherwise ordered by the Court, discovery and other case management deadlines shall proceed on the following schedule:[1]

| | |
|---|---|
| October 19, 2017 | Exchange Initial Disclosures<br><br>Final Day to Amend Pleadings or Join Parties |
| October 23, 2017 | Discovery Commences |

---

[1] In light of Buhl's pending Motion for Reconsideration, or in the alternative, certification on the question of whether the Court has personal jurisdiction over Buhl [Dkt. 53] (the "Motion for Reconsideration / Certification"), Buhl's position is that she should not be required to engage in discovery unless and until the Court confirms it has personal jurisdiction over her. However, in order to avoid burdening the Court with a conflict, Buhl has agreed to exchange initial disclosures and engage in written discovery according to the schedule set forth herein. All parties hereby agree and stipulate that such engagement will not be deemed a waiver of Buhl's defense of lack of personal jurisdiction. All parties further agree and stipulate that Buhl shall not be compelled to sit for a deposition until such time as the Court either denies the pending Motion for Reconsideration / Certification or otherwise confirms its decision to exercise personal jurisdiction over Buhl.

- 2 -

| | |
|---|---|
| November 13, 2017 | Parties to Respond to Discovery Requests |
| November 29, 2017 | Parties to Exchange Written Meet and Confer Letters Regarding Objections to Discovery Requests<br><br>Plaintiff to Give Notice of Expert Topics |
| December 4, 2017 | Parties to Meet and Confer on Objections to Discovery Requests |
| December 6, 2017 | Defendants to Give Notice of Expert Topics |
| January 19, 2017 | Completion of All Paper Discovery |
| January 22, 2018 – March 15, 2018 | Fact Witness Depositions |
| March 16, 2018 | Plaintiff to Submit Expert Report(s) |
| March 30, 2018 | Defendants to Submit Expert Report(s) |
| April 2, 2018 – April 23, 2018 | Expert Depositions |
| April 23, 2018 | End of Discovery |

(f) Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period, according to the schedule set forth above.

(g) Supplementation will be as provided in Rule 26(e) or as otherwise ordered by the Court.

3. Mediation. Mediation should be conducted late in the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties agree that the mediator shall be Ray Owens.

4. Preliminary Deposition Schedule. Depositions will take place within the discovery period, according to the schedule set forth above. Each party may depose any

- 3 -

expert identified pursuant to Fed. R. Civ. P. 26(a)(2) by any other party. Each deposition is limited to one day of seven hours unless extended by agreement of the parties or ordered by the Court.

    5.    Other items.

(a) The parties agree that they shall be allowed until October 19, 2017 to request leave to join additional parties or amend pleadings. After this date, the Court will consider, *inter alia*, whether the granting of leave would delay trial. The parties' agreement is without prejudice to motions to amend pleadings pursuant to Fed. R. Civ. P. 15.

(b) The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master, and the parties do not consent to refer to a Magistrate Judge or appointment of a master.

(c) The parties anticipate that a protective order will be needed to protect the confidentiality of information produced in discovery. The parties will submit a proposed protective order for the Court's consideration.

(d) Defendants' agreement to this discovery plan is without prejudice to their right to move the Court to transfer venue pursuant to 28 U.S.C. § 1404, should they choose to do so.

(e) The parties have demanded a jury trial. Trial is expected to take approximately five (5) to seven (7) days.

This 16th day of October, 2017

/s/ Jonathan C. Krisko
Jonathan C. Krisko
N.C. State Bar No. 28625

/s/ Erik R. Zimmerman
Erik R. Zimmerman
N.C. State Bar No. 50427

ROBINSON, BRADSHAW & HINSON, P.A.
1450 Raleigh Road, Suite 100
Chapel Hill, NC 27517
jkrisko@robinsonbradshaw.com
ezimmerman@robinsonbradshaw.com

/s/ John P. Coffey
John P. Coffey*

/s/ Darren A. LaVerne
Darren A. LaVerne*

KRAMER LEVIN NAFTALIS &
 FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
scoffey@kramerlevin.com
dlaverne@kramerlevin.com
* LR 83.1(d) Special Appearance

*Attorneys for Defendants Robert Ladd & MGT Capital Investments, Inc.*

| | |
|---|---|
| /s/ David E. Fox | /s/ Charles J. Harder |
| David E. Fox | Charles J. Harder* |
| N.C. State Bar No. 10332 | |
| MOORE & VAN ALLEN PLLC | |
| 100 North Tryon Street, Suite 4700 | /s/ Ryan J. Stonerock |
| Charlotte, NC 28202-4003 | Ryan J. Stonerock* |
| davidfox@mvalaw.com | |
| | HARDER, MIRELL & ABRAMS LLP |
| | 132 S. Rodeo Drive, Fourth Floor |
| | Beverly Hills, CA 90212 |
| | charder@hmafirm.com |
| | rstonerock@hmafirm.com |
| | * LR 83.1(d) Special Appearance |

*Attorneys for Plaintiff Barry Honig*

| | |
|---|---|
| /s/ Eric M. David<br>Eric M. David<br>N.C. State Bar No. 38118<br>BROOKS, PIERCE, MCLENDON,<br>    HUMPHREY & LEONARD LLP<br>1700 Wells Fargo Capital Center<br>150 Fayetteville Street<br>Raleigh, NC 27601<br>edavid@brookspierce.com | /s/ Michael Tremonte*<br>Michael Tremonte<br><br>/s/ Erica A. Wolff*<br>Erica A. Wolff<br><br>SHER TREMONTE LLP<br>90 Broad Street, 23rd Floor<br>New York, NY 10004<br>mtremonte@shertremonte.com<br>ewolff@shertremonte.com<br> * LR 83.1(d) Special Appearance |
| /s/ Kimberly M. Marston<br>Kimberly M. Marston<br>N.C. State Bar No. 46231<br>BROOKS, PIERCE, MCLENDON,<br>    HUMPHREY & LEONARD LLP<br>2000 Renaissance Plaza<br>230 North Elm Street<br>Greensboro, NC 27401<br>kmarston@brookspierce.com | |

*Attorneys for Defendant Teri Buhl*

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David E. Fox
N.C. State Bar No. 10332
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700.
Charlotte, NC 28202-4003
(919) 286-8069
davidfox@mvalaw.com

Charles J. Harder
Ryan J. Stonerock
HARDER, MIRELL & ABRAMS LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
charder@hmafirm.com
rstonerock@hmafirm.com

*Attorneys for Plaintiff Barry Honig*

Eric M. David
N.C. State Bar No. 38118
BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD LLP
1700 Wells Fargo Capital Center
150 Fayetteville Street
Raleigh, NC 27601
edavid@brookspierce.com

Kimberly M. Marston
N.C. State Bar No. 46231
BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD LLP
2000 Renaissance Plaza
230 North Elm Street
Greensboro, NC 27401
kmarston@brookspierece.com

Michael Tremonte
Erica A. Wolff
SHER TREMONTE
90 Broad Street, 23rd Floor
New York, NY 10004
mtremonte@shertremonte.com
ewolff@shertremonte.com

*Attorneys for Defendant Teri Buhl*


This 16th day of October, 2017.

                                               /s/ Jonathan C. Krisko
                                               Jonathan C. Krisko

                                               ROBINSON, BRADSHAW & HINSON, P.A.
                                               101 N. Tryon Street, Suite 1900
                                               Charlotte, NC 28246-1900
                                               jkrisko@robinsonbradshaw.com

10079086