IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No. 1:17-CV-184 (CCE) (LPA)

| | |
|---|---|
| BARRY HONIG, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>ROBERT LADD, an individual; MGT CAPITAL INVESTMENTS, INC., a Delaware corporation; TERI BUHL, an individual; and DOES 1-20,<br><br>        Defendants. | |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT TERI BUHL'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL**

Eric M. David
Kimberly M. Marston

**BROOKS, PIERCE, McLENDON, HUMPHREY & LEONARD, LLP**

Michael Tremonte*
Erica A. Wolff*

**SHER TREMONTE LLP**

*LR 83.1(d) Special Appearance

*Attorneys for Defendant Teri Buhl*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT ..................................................................................................... 1

    I.    THE COURT SHOULD RECONSIDER ITS DECISION TO ASSERT PERSONAL JURISDICTION OVER BUHL BECAUSE IT IS BASED ON CLEAR ERRORS OF LAW AND FACT ............................................. 1

        A.    Plaintiff Mischaracterizes the Impact of *Walden v. Fiore* ................ 2

        B.    Plaintiff Improperly Substitutes Arguments for Facts ...................... 5

    II.    ALTERNATIVELY, THE COURT SHOULD CERTIFY THE INTERLOCUTORY DECISION FOR APPEAL ....................................... 7

CONCLUSION ................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*,
     480 U.S. 102 (1987)............................................................................1, 2

*BeoCare Grp., Inc. v. Morrissey*,
     124 F. Supp. 3d 696 (W.D.N.C. 2015).....................................................4, 5

*J. McIntyre Mach., Ltd. v. Nicastro*,
     564 U.S. 873 (2011)............................................................................... 1

*Martin v. Eide Bailly LLP*,
     2016 WL 4496570 (S.D. Ind. Aug. 26, 2016) ..........................................3, 4

*Walden v. Fiore*,
     134 S. Ct. 1115 (2014).....................................................................2, 3, 4, 7

**Rules**

Fed. R. Civ. P. 4(k)(1)........................................................................... 3

Defendant Teri Buhl respectfully submits this reply memorandum of law in further support of her motion for this Court to reconsider, or in the alternative, certify for interlocutory appeal, the portion of its decision dated September 7, 2017 (the "Decision"), which denied Buhl's motion to dismiss the Complaint for lack of personal jurisdiction.[1]

**ARGUMENT**

### I. THE COURT SHOULD RECONSIDER ITS DECISION TO ASSERT PERSONAL JURISDICTION OVER BUHL BECAUSE IT IS BASED ON CLEAR ERRORS OF LAW AND FACT

Due Process does not permit this Court to exercise personal jurisdiction over Teri Buhl on this record. The Due Process Clause precludes a court from exercising jurisdiction over a non-domiciliary unless the defendant has "purposefully directed" her conduct to the forum state. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011); *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 112 (1987). No rule fashioned by the district or appellate courts, be it the "conspiracy theory" of jurisdiction or something else, permits a court to circumvent the requirements of Due Process.

---

[1] Unless otherwise defined herein, capitalized terms have the meaning ascribed to them in Buhl's opening brief in support of her Motion for Reconsideration or, in the alternative, Certification and the opening and reply briefs in support of her Motion to Dismiss the Complaint.

1

### A. Plaintiff mischaracterizes the impact of *Walden v. Fiore*.

The United States Supreme Court has explained in unambiguous terms that a court may not exercise jurisdiction over an out-of-state defendant consistent with Due Process "by demonstrating contacts between . . . third parties . . . and the forum state." *Walden v. Fiore*, 134 S. Ct. 1115, 1126 (2014). The relevant forum contacts must be "create[d]" by the defendant. *Id. See also Asahi Metal Indus. Co*, 480 U.S. at 112 ("The 'substantial connection'. . . between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*.") (emphasis in original).

Thus, to the extent the "conspiracy theory" of jurisdiction purports to permit courts to exercise personal jurisdiction over an out-of-state defendant solely because she is alleged to have "conspired" with an in-state defendant (whether or not she even *knew* that the person with whom she allegedly conspired was in the forum state), that theory does not pass constitutional muster. As the *Walden* Court explained, a defendant can only be subject to a forum's jurisdiction "based on his own affiliation with the State." 134 S. Ct. at 1123.

The Decision erred when it distinguished *Walden* on the basis that it was a case "where all of the contacts between the plaintiff and defendant happened" outside the forum state. Decision at 4; *see also* Opposition at 8. To the contrary, the defendant DEA agent in *Walden* was alleged to have had at least three different communications with the plaintiffs' representative in Nevada: a phone call the day after the alleged wrongful

2

seizure of plaintiffs' property and two separate mailings of documents from the plaintiffs' attorney the following month. These communications formed the basis of plaintiffs' claim that the agent wrongfully retained plaintiffs' property even after learning that the seized funds were not drug-related. 134 S. Ct. at 1119. Moreover, when the agent wrongfully seized plaintiffs' property, he *knew* they resided in Nevada and that they were boarding a plane to Nevada. *Id.* The defendant in *Walden* had more significant suit-related contact with the forum-state than Buhl is alleged to have in this action. He at least knew that he was communicating with residents of the forum state. Yet the Supreme Court found even those contacts insufficient because the defendant did not "create[]" them; a third party did. *Id* at 1126.

That is why North Carolina state courts and numerous federal courts around the country have declined to adopt the conspiracy theory of jurisdiction, a theory that purports to permit a court to exercise personal jurisdiction over a defendant based on the contacts of a third party. *See* Opening Brief at 5-6, 14. Honig is mistaken when he asserts (Opposition at 7) that North Carolina state law is irrelevant to this question. Far from it. As explained in *Martin v. Eide Bailly LLP*, the federal service of process provision expressly provides that (with certain exceptions not relevant here), a federal court may only exercise personal jurisdiction over a defendant if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district is located." Fed. R. Civ. P. 4(k)(1); *Martin v. Eide Bailly LLP*, 2016 WL 4496570, at *4 (S.D. Ind. Aug. 26, 2016). If a defendant is not subject to personal jurisdiction in a North

3

Carolina state court, she cannot be subject to jurisdiction in a federal district court sitting within the State. *See id.* Honig's attempt to distinguish *Martin* on the grounds that the Indiana district court only looked to state law because the Seventh Circuit had not yet opined on the conspiracy theory (Opposition at 7 n. 1) only strengthens the argument that this Court should be guided by post-*Walden* decisions from North Carolina state courts because the Fourth Circuit similarly has not opined on the validity of the conspiracy theory since *Walden*.

Plaintiff can point to only one North Carolina federal court case – *BeoCare Grp., Inc. v. Morrissey*, 124 F. Supp. 3d 696 (W.D.N.C. 2015) – that has upheld the conspiracy theory of jurisdiction since *Walden*. And even assuming that case was decided correctly, its facts bear absolutely no resemblance to the facts of this case. In *BeoCare*, the plaintiff provided the court with numerous emails between the out-of-state defendant and its alleged co-conspirator (an employee of its competitor) discussing the misappropriation of Plaintiff's medical samples. Those emails, the court observed, contained a signature block that was "**significantly large . . . , has a link to [plaintiff's] website, and contains BeoCare's address in Hudson, North Carolina**," making it reasonable to infer that the out-of-state defendant "**knew** [its co-conspirator] was employed in North Carolina." *Id.* at *702 (emphasis added). Honig has proffered no such emails or similar evidence. *BeoCar*e, to the extent it was decided correctly, only demonstrates how insufficient the jurisdictional allegations are against Buhl.

4

In contrast to *Beocare*, Honig has failed to allege that Buhl had an affiliation with the State of North Carolina. The only forum contacts alleged are that – with respect to **two** of the **sixteen** statements at issue in this lawsuit[2] – Buhl purportedly received information from Ladd at unspecified times and in unspecified manners between September 2016 and February 2017, a period during which, Honig alleges, Ladd resided in North Carolina. Complaint ¶ 1; Honig Decl. (Dkt. 35) ¶¶ 5-6, 10-11; Anderson Decl. (Dkt. 36) ¶ 5.

The statements that give rise to Plaintiff's claims were published on Buhl's website, teribuhl.com, which she operates from New York. *See* Compl. ¶¶ 2, 17-18, 24, 28, 32, and 35; Buhl Decl. ¶¶ 18, 20. Buhl performed no work in connection with the so-called "Defamatory Articles" in North Carolina. Buhl Decl. ¶¶ 18-24. Buhl never travelled to the state of North Carolina in connection with the investigation or drafting of the so-called "Defamatory Articles" (*Id.* ¶¶ 20-24), nor did she ever place or receive a telephone call, or exchange an email or any other communication with, any person she knew to be located in North Carolina. *See* Buhl Reply Decl. ¶¶ 2-3.

### B. Plaintiff improperly substitutes argument for facts.

While Honig is correct that a "factual dispute must be resolved in the light most favorable to the Plaintiff" (Opposition at 16), Honig has not alleged a single fact that disputes Buhl's sworn statements. He has only *argued through his counsel in his briefs*

---

[2] *See* Compl. ¶¶ 17-18, 24(d), 24(e), 24(f), 24(g), 24(h), 24(i), 24(j), 27, 28(a), 28(b), 32(a), 32(b), 35).

5

that Buhl "knew" Ladd was in North Carolina when she communicated with him. This argument is based on the allegations that there are two public records reflecting that Ladd and MGT resided in North Carolina and that a third party perceived that Ladd and Buhl were "friendly" (and therefore, apparently, Buhl must have known that he had moved to North Carolina). Opposition at 15. None of these "facts" demonstrate that Buhl knew Ladd was in North Carolina when they purportedly communicated.

Against Honig's counsel's speculative conclusions, the Court has before it Honig's own allegations that Buhl resides in New York and two sworn declarations from Buhl that confirm that – even if she did ever communicate with Ladd – she had no idea he was in North Carolina. Moreover, though Honig cites an SEC filing and a corporate website page reflecting MGT's North Carolina address, there are more public documents – including a pleading filed by Honig himself – that reflect that Ladd and MGT were in New York in late 2016 and early 2017, making it more reasonable for Buhl to infer that Ladd was in New York when she allegedly communicated with him. For example, Ladd's Bloomberg profile from October 2016 and his LinkedIn profile both reflect MGT's address in Harrison, NY. Neither refer to North Carolina. *See* Wolff Reply Decl., Exs. A-B. Honig's complaint against Ladd/MGT in a separate lawsuit filed in New York pleads that Ladd was frequently present in New York during (and after) this time period. *See* Wolff Decl., Ex. 1 ¶ 17 (Ladd attended a meeting in New York in April 2016); *id.* ¶ 46 (Ladd met with Honig in New York on January 25, 2017); *id.* ¶ 15 ("until recently, Defendant MGT's only office and headquarters was located in Harrison, New York," and

6

they engaged in "substantial" conduct in New York). In addition, on September 8, 2016, MGT held its annual Shareholder's Meeting in New York (Wolff Reply Decl. Ex. C) and MGT's own SEC filing, dated October 5, 2016, locates its principal corporate office in Harrison, NY. Laverne Decl. Ex. D.

Honig's assertion that the Court "heard, considered and rejected" Buhl's factual argument (Opposition at 12) is simply not reflected in the Decision. None of these public records proffered by Buhl is cited, referenced, or addressed in any way anywhere in the Decision. Instead, the Decision appears to have relied only on Honig's proffered public records, the allegation that Buhl and Ladd were "in regular contact" and had "at least one personal meeting" (which was not even alleged to have occurred in North Carolina (Anderson Dec. ¶ 8)), and the allegation that Buhl placed and received telephone calls to Ladd's cell phone (which has a New York area code (Hong Dec. ¶ 4)). Decision at 5. The Court's conclusion that the record "supports the inference that Ms. Buhl knew her co-conspirators were in North Carolina" is based on a clear error of fact.

## II. ALTERNATIVELY, THE COURT SHOULD CERTIFY THE INTERLOCUTORY DECISION FOR APPEAL

If the Court is not persuaded that current precedent precludes it from exercising personal jurisdiction over Buhl, it should certify its Decision to the Court of Appeals for the Fourth Circuit to seek clarity on the following controlling issues of law:

- The Fourth Circuit has not had occasion to consider the viability of the conspiracy theory since *Walden* and since a host of other federal courts have observed that the conspiracy theory of jurisdiction is no longer good law. The Fourth Circuit has

7

not had occasion to consider whether the conspiracy theory of jurisdiction is available in federal courts sitting in North Carolina, a state whose own courts have rejected the conspiracy theory. Even if the conspiracy theory is viable, the Fourth Circuit has not had occasion to specifically consider whether it permits the exercise of personal jurisdiction over a defendant who had no knowledge that her alleged co-conspirator was in the forum state.

The Fourth Circuit will almost certainly reconsider the viability and scope of the conspiracy theory at some point in the near future. Buhl respectfully submits that it would be more efficient and protective of Due Process for the Fourth Circuit to do so now, rather than wait until a later date when this out-of-state Defendant has already been subjected to invasive discovery and forced to defend herself in a foreign jurisdiction hundreds of miles from her home.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Buhl's opening brief, Buhl respectfully requests that the Court reconsider its Decision and dismiss the Complaint as to Buhl for lack of personal jurisdiction, or, in the alternative, amend the Decision to certify it for interlocutory appeal.

8

Case 1:17-cv-00184-CCE-LPA   Document 58   Filed 10/26/17   Page 11 of 14

Respectfully submitted this 26th day of October, 2017.

| | |
|---|---|
| **BROOKS, PIERCE, McLENDON, HUMPHREY & LEONARD, LLP** | **SHER TREMONTE LLP** |
| By: /s/ Eric M. David<br>Eric M. David<br>N.C. Bar No. 38118<br>Email: edavid@brookspierce.com<br>1700 Wells Fargo Capitol Center<br>150 Fayetteville Street<br>Raleigh, NC 27601<br>Tel: 919.573.6203<br>Facsimile: 336.232.9103 | By: /s/ Michael Tremonte<br>Michael Tremonte<br>Michael Tremonte*<br>New York State Bar No. 2929164<br>Email: mtremonte@shertremonte.com<br>90 Broad Street, 23rd Floor<br>New York, New York 10004<br>Tel: 212.202.2600<br>Facsimile: 212.202.4156 |
| Kimberly M. Marston<br>N.C. Bar No. 46231<br>Email: kmarston@brookspierce.com<br>2000 Renaissance Plaza<br>230 North Elm Street<br>Greensboro, NC 27401<br>Tel: 336.373.8850<br>Facsimile: 336.378.1001 | By: /s/ Erica A. Wolff<br>Erica A. Wolff<br>Erica A. Wolff*<br>New York State Bar No. 4846424<br>Email: ewolff@shertremonte.com<br>90 Broad Street, 23rd Floor<br>New York, New York 10004<br>Tel: 212.202.2600<br>Facsimile: 212.202.4156<br><br>*LR 83.1 (d) Special Appearance |

*Attorneys for Defendant Teri Buhl*

## CERTIFICATION OF WORD COUNT

Pursuant to Local Rule 7.3(d)(1), the undersigned counsel certifies that the foregoing reply brief complies with Local Rule 7.3(d)(1) and is no more than 3,125 words, excluding the case caption, table of contents, table of authorities, signature lines, and certificate of service.

:

/s/ Erica A. Wolff

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send email notification of such filing to the following:

David E. Fox
Moore & Van Allen
P.O. Box 13706
Research Triangle Park, NC 27709
foxd@mvalaw.com

Charles J. Harder
Ryan J. Stonerock
Harder Mirell & Abrams LLP
132 S Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
charder@hmafirm.com
rstonerock@hmafirm.com

*Attorneys for Plaintiff*

Darren Laverne
Jeffrey W. Davis
John P. Coffey
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
dlaverne@kramerlevin.com
jdavis@kramerlevin.com
scoffey@kramerlevin.com

Erik R. Zimmerman
Robinson, Bradshaw & Hinson, P.A.
1450 Raleigh Road, Ste. 100
Chapel Hill, NC 27517
ezimmerman@robinsonbradshw.com

Jonathan Christopher Krisko
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon St., Ste. 1900
Charlotte, NC 28246
jkrisko@rbh.com

*Attorneys for Defendants MGT Capital Investments, Inc. and Robert Ladd*

This the 26th day of October, 2017.

/s/     Erica A. Wolff