IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BARRY HONIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-CV-184 |
| | ) | |
| ROBERT LADD, MGT CAPITAL INVESTMENTS, INC., TERI BUHL, and DOES 1-20, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the defendant Teri Buhl's motion for reconsideration, or, in the alternative, certification of order for interlocutory appeal. Doc. 53. For the reasons stated herein, the motion will be denied.

Ms. Buhl's arguments in support of reconsideration are, with one exception, little more than a rehashing of the arguments she made originally and which the Court has rejected. The Court sees no reason to address again arguments it has previously rejected.

The one exception is her argument that North Carolina courts have not adopted a conspiracy theory of personal jurisdiction and that this Court is precluded from applying it here. However, the fact that a litigant comes up with a new and different argument on reconsideration is not enough, by itself, to compel reconsideration. *See, e.g., Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, L.L.P.*, 322 F.3d 147, 167 (2d Cir. 2003) ("Where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it

again.");[1] *see also* 18B Charles Alan Wright, et al., Federal Practice and Pro. Juris. § 4478 & n.42.5 (2d ed. 2017) (limiting the grounds for a motion for reconsideration protects both the courts and the parties against the burdens of unyielding advocates' repeat arguments); *Tully v. Tolley*, 63 F. App'x 108, 113 (4th Cir. 2003) (concluding that the district court properly denied a motion to set aside summary judgment where new evidence could have been discovered with due diligence). As eloquently stated by another court:

> Hindsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order. It is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it.

*Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001) (Grimm, M. J., mem. & order); *accord Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 321-22 (D. Md. 2014) (discussing Rule 59(e)), *aff'd*, 584 F. App'x 135 (4th Cir. 2014) (unpublished) (per curiam).

The Court expects litigants to make their best arguments the first time. "[A] party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider." *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003) (Eliason, M. J., order), *aff'd*, 2012 WL 1565228 (M.D.N.C. Apr. 30, 2012). Rule 54 is not designed to give a party a second bite

---

[1] The Court has omitted internal alterations, citations, and quotation marks from any cited cases throughout this opinion.

at the apple. To hold otherwise would be inconsistent with the Rules of Civil Procedure and common sense. *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp.2d 559, 565 (M.D.N.C. 2005) ("Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided."); *accord, e.g., Wootten v. Commonwealth of Va.,* 168 F.Supp.3d 890, 893 (W.D. Va. 2016). It is also inconsistent with requirements that parties comply with page and word limits. *See Duke Energy*, 218 F.R.D. at 471, 474 (noting that motions to reconsider that raise new arguments that could have been raised initially are little more than an attempt to avoid briefing page limits in the local rules).

Of course, there are times when a motion for reconsideration is appropriate, and "motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Nonetheless, such situations are both rare, *Carlson v. Boston Scientific Corp.*, Nos. 5:15CV57-RLV, 3:15CV211-RLV, 2015 WL 5732107, at *1 (W.D.N.C. Sept. 30, 2015) and discretionary. *Am. Canoe*, 326 F.3d at 514-15.

Here, Ms. Buhl has offered little reason for the Court to exercise its discretion in her favor. The Court had no factual misapprehensions the first time around, and Ms. Buhl's repetitive arguments about the facts were all presented in her initial briefs and rejected by the Court. *See Carlson*, 2015 WL 5732107, at *1. She has presented no new evidence. Ms. Buhl has provided no explanation for her failure to point out potentially relevant North Carolina case law in the briefing on her initial motion to dismiss, and the

appellate cases on which she relies are not new. *See* Doc. 54 at 10-11. The plaintiff has a substantial argument against Ms. Buhl's interpretation of North Carolina law,[2] so that there is no clear error in law.

While the issue of whether the North Carolina Supreme Court would adopt the conspiracy theory of personal jurisdiction in an appropriate case is not settled, there is no manifest injustice in exercising personal jurisdiction over Ms. Buhl in North Carolina. She failed to raise the North Carolina issue in support of her original motion to dismiss, there is substantial support for the plaintiff's position on the North Carolina issue, *see supra* n. 2, and the plaintiff has presented strong direct evidence of an alleged conspiracy with communications that advanced the conspiracy occurring in North Carolina. *See* Doc. 49 at 2 (summarizing evidence). Moreover, this is not a case where Ms. Buhl would

---

[2] The North Carolina Business Court and the North Carolina Court of Appeals have expressed hesitancy about the conspiracy theory, but a review of the cases demonstrates that no reported appellate case cited by Ms. Buhl, Doc. 54 at 10-11, rejects it outright and that most if not all of the cited cases involved conclusory allegations with little to no supporting evidence, unlike the case here. *See, e.g., Stetser v. Tap Pharm. Prods., Inc.*, 162 N.C. App. 518, 521, 591 S.E.2d 572, 575 (2004) (noting that "[e]ven if we were to consider the conspiracy theory in this case, plaintiffs' conclusory allegations would be insufficient"). As the plaintiff points out, the North Carolina Supreme Court has held that the North Carolina long-arm statute permits the exercise of personal jurisdiction over a defendant to the extent allowed by due process. *See Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977). The North Carolina Court of Appeals has also upheld the exercise of personal jurisdiction in the agency context. *See Bauer v. Douglas Aquatics, Inc.*, 207 N.C. App. 65, 69, 698 S.E.2d 757, 761 (2010) (affirming the exercise of personal jurisdiction over franchisor based on acts of its agent and relying in part on N.C. Gen. Stat. § 1–75.2(3) (2009) as providing that "acts of the defendant subjecting it to personal jurisdiction include any person's acts for which the defendant is legally responsible"); *see also, e.g., Burns v. Gulf Oil Corp*, 246 N.C. 266, 272, 98 S.E.2d 339, 343-44 (1957) (recognizing civil liability of one co-conspirator for acts of another); *Muse v. Morrison*, 234 N.C. 195, 198, 66 S.E.2d 783, 785 (1951) (noting that co-conspirator liability is joint and several); *Am. Transit Ins. Co. v. Faison*, 242 A.D.2d 201, 201, 661 N.Y.S.2d 624, 625 (1997) (same).

avoid litigation completely if the court's decision on personal jurisdiction were incorrect, as she clearly could be sued in her state of residence.  There is much to be said for having the liability of alleged co-conspirators determined in one case at one time, especially since that liability appears to be joint and several under both North Carolina and New York law.  *See supra* n. 2.

Finally, the Court concludes that this is not an appropriate case for an interlocutory appeal.  While questions of personal jurisdiction can be appropriate for a certification under § 1292(b) of Title 28, *see ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997) (noting district court's decision to grant leave to file an interlocutory appeal on a personal jurisdiction issue), it is not available as of right.  Here, use of the conspiracy theory is well-established in the Fourth Circuit, and its application in this case turns more on the facts than it does on the law.  Thus the case does not match up well with the requirements of § 1292(b).

It is **ORDERED** that the defendant Teri Buhl's motion for reconsideration, or in the alternative, for certification for interlocutory appeal, Doc. 53, is **DENIED**.

This the 7th day of November, 2017.

                                      UNITED STATES DISTRICT JUDGE

5

Case 1:17-cv-00184-CCE-LPA   Document 59   Filed 11/07/17   Page 5 of 5