# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BARRY HONIG, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-00184-CCE-LPA |
| ) | |
| ROBERT LADD, an individual; MGT ) | |
| CAPITAL INVESTMENTS, INC., ) | |
| a Delaware corporation; TERI BUHL, ) | |
| an individual; and DOES 1-20, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## CONSENT MOTION FOR PROTECTIVE ORDER

Plaintiff Barry Honig ("Plaintiff" or "Honig") and defendants Robert Ladd ("Ladd"), MGT Capital Investments, Inc. ("MGT"), and Teri Buhl ("Buhl") respectfully move for a protective order to facilitate discovery and the exchange of confidential information and documents in this case.

## BRIEF STATEMENT OF RELEVANT FACTS AND PROCEEDINGS

Honig has alleged that Ladd/MGT and Buhl conspired to publish a series of false and highly defamatory articles that contain assertions that Honig, among other things, is violating securities laws, is the "target" of a Securities and Exchange Commission ("SEC") investigation arising out of those violations and that "90%" of a SEC subpoena served on MGT is about Honig. Defendants deny Honig's allegations and contend, among other things, that the alleged statements were non-actionable statements of

opinion and/or rhetorical hyperbole based on the content of the SEC subpoena, Honig's reputation, and Honig's investing history.

The parties exchanged initial disclosures on October 19, 2017. The parties have also recently served responses to the first set of written discovery propounded by the opposing side. On or about November 3, 2017, Ladd/MGT served notices of document subpoenas to third parties identified in Honig's initial disclosures.

The parties have been meeting and conferring regarding the production of confidential information and documents related to party and third party discovery in this case, and on November 17, 2017, all of the parties agreed to a Stipulated Confidentiality Agreement And Protective Order (a copy of which is attached to this consent motion).

## ARGUMENT

**1. Standards on motion for protective orders**

To insure that discovery is sufficient, yet reasonable, district courts have "substantial latitude to fashion protective orders." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199 (1984).

Upon a showing of "good cause," the Court may fashion a protective order that, among other things, specifies the terms and methods of disclosure and the scope of discovery. *See* Fed. R. Civ. P. Rule 26(c); *see also* Fed. R. Civ. P. Rule 26(c)(1)(G) (stating court may issue protective orders limiting disclosure of trade secrets "or other confidential research, development, or commercial information"); Local Rule 26.2(a) ("If a party, or parties jointly, seek entry of a protective order to shield information provided in discovery from dissemination, the movant or movants must demonstrate with

specificity that (i) the information qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure, and (ii) good cause exists for restricting dissemination on the ground that harm would result from its disclosure.")

Given the intrusive nature of the discovery process, "[i]t is not surprising, therefore, that issuance of protective orders in civil litigation has become almost routine." *In re Grand Jury Subpoena*, 836 F.2d 1468, 1477 (4th Cir. 1988); *see also id.* at 1472 (recognizing that protective orders "aid the civil courts in facilitating resolution of private disputes.")  Often, rather than seeking protective orders each time the need arises, "parties agree[ ] to a 'blanket' protective order that permit[s] them to designate documents containing confidential business information."  *Longman v. Food Lion, Inc.*, 186 F.R.D. 331, 333 (M.D.N.C. 1999); *see also Factory Mut. Ins. Co. v. Insteel Indus., Inc.*, 212 F.R.D. 301, 303–04 (M.D.N.C. 2002) (describing " 'blanket' protective order [as one that] 'permits the parties to protect documents that they in good faith believe contain trade secrets or other confidential commercial information' " (quoting *Bayer AG and Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 463–64 (S.D.N.Y. 1995)); *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.*, 121 F.R.D. 264, 267–68 (M.D.N.C. 1988) (noting that "[b]lanket or umbrella protective orders are becoming increasingly common as large scale litigation involves more massive document exchanges.")

Courts regularly enter such orders "based on a general 'good cause' determination." *Longman*, 186 F.R.D. at 333; *see also Parkway Gallery*, 121 F.R.D. at 268 (observing that "showing of good cause to believe that discovery will involve

confidential or protected information ... may be done on a generalized as opposed to a document-by-document basis.") This Court has found that in cases, such as this one, "involv[ing] hundreds of documents containing confidential business information that Defendants feared could be used by Defendants' competitors to gain a business advantage," an agreed-upon, blanket protective order "arrangement [i]s essential to the efficient functioning of the discovery process...." *Longman*, 186 F.R.D. at 333.

2. **Good cause exists for a protective order in this case to facilitate discovery and the exchange of confidential information and documents.**

A protective order in this case is necessary to facilitate discovery by protecting the parties, and third parties, from the improper dissemination and use of confidential information and documents.

Specifically, Honig has alleged that he is an investor by profession and that Defendants' conduct caused him damages in the form of lost business opportunities with third parties. Defendants allege, among other things, that Honig already had a poor reputation in the investing community, and seek to obtain information and documents from Honig and third parties regarding his claims of damages. Defendants also seek documents regarding the truth of several of the allegedly defamatory statements, including that Honig was being investigated by the Securities and Exchange Commission and had been involved in "pump and dump" schemes. Honig contends that the information and documents sought by Defendants pertain to highly confidential business transactions and include financial records that are not otherwise known to the public and could harm Honig and the third parties if they become known. Ladd and MGT contend

4

that information Honig seeks in discovery – including information relating to MGT's internal business communications, trading records and an SEC subpoena to MGT and corresponding SEC investigation – is similarly confidential.

The entry of a protective order, as set out in the attached Stipulated Confidentiality Agreement And Protective Order, would therefore allow the parties and third parties to exchange confidential information and documents without fear that they will be made available to the public. Further, a blanket protective order, such as that proposed by the parties, will streamline the litigation of this case by allowing the parties to more easily resolve disputes amongst themselves instead of seeking protective orders each time the need arises. However, nothing in this consent motion shall constitute a waiver of any objection by any party to discovery sought in this case.

## **CONCLUSION**

For all of the foregoing reasons, the parties respectfully request the entry of a protective order in this case. Filed concurrently herewith are copies of a proposed order granting this consent motion and the Stipulated Confidentiality Agreement And Protective Order.

Dated: November 21, 2017              Respectfully submitted,

By: /s/ David E. Fox
David E. Fox
N.C. State Bar No. 10332
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003
Tel: (919) 286-8069
Fax: (919) 416-8306
*davidfox@mvalaw.com*

5

By: /s/ Ryan J. Stonerock
Charles J. Harder
Ryan J. Stonerock
HARDER MIRELL & ABRAMS LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
Tel: (424) 203-1600
Fax: (424) 203-1601
*charder@hmafirm.com*
*rstonerock@hmafirm.com*

*Counsel for Plaintiff*

Dated: November 21, 2017

By: /s/ Jonathan C. Krisko
Jonathan C. Krisko
Erik R. Zimmerman
*Robinson, Bradshaw & Hinson P.A.*
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246
*jkrisko@robinsonbradshaw.com*
*ezimmerman@robinsonbradshaw.com*

Dated: November 21, 2017

By: /s/ Darren A. LaVerne
John P. Coffey
Darren A. LaVerne
Kramer, Levin, Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
*scoffey@kramerlevin.com*
*dlaverne@kramerlevin.com*

*Attorneys for Defendants, Robert Ladd and MGT Capital Investments, Inc.*

6

Dated: November 21, 2017        By: /s/ Eric M. David
                                Eric M. David
                                Brooks, Pierce, McLendon, Humphrey &
                                Leonard, L.L.P.
                                1700 Wells Fargo Capitol Center
                                150 Fayetteville Street
                                Raleigh, NC 27601
                                *edavid@brookspierce.com*


Dated: November 21, 2017        By: /s/ Erica A. Wolff
                                Michael Tremonte
                                Erica A. Wolff
                                Sher Tremonte LLP
                                90 Broad Street, 23rd Floor
                                New York, NY 10004
                                *mtremonte@shertremonte.com*
                                *ewolff@shertremonte.com*

                                *Attorneys for Defendant, Teri Buhl*

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **CONSENT MOTION FOR PROTECTIVE ORDER** was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

>Jonathan C. Krisko
>Erik R. Zimmerman
>*Robinson, Bradshaw & Hinson P.A.*
>101 N. Tryon Street, Suite 1900
>Charlotte, NC 28246
>jkrisko@robinsonbradshaw.com
>ezimmerman@robinsonbradshaw.com
>
>Darren Laverne
>Jeffrey W. Davis
>John P. Coffey
>Kramer, Levin, Naftalis & Frankel LLP
>1177 Avenue of the Americas
>New York, NY 10036
>dlaverne@kramerlevin.com
>jdavis@kramerlevin.com
>scoffey@kramerlevin.com
>
>*Attorneys for Defendants, Robert Ladd and MGT Capital Investments, Inc.*
>
>Kimberly M. Marston
>Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
>2000 Renaissance Plaza
>230 North Elm Street
>Greensboro, NC 27401
>kmarston@brookspierce.com

Eric M. David
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
1700 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, NC 27601
edavid@brookspierce.com

Michael Tremonte
Erica A. Wolff
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, NY 10004
mtremonte@shertremonte.com
ewolff@shertremonte.com

*Attorneys for Defendant, Teri Buhl*


This 21st day of November, 2017.

                    /s/ David E. Fox
                    David E. Fox